THE STATE, EX REL. THE SYLVANIA HOME TELE-PHONE CO., *v.* RICHARDS ET AL., JUDGES.

*Courts of appeals — Certiorari — Entry finding conflict of judg-ment — Prerequisite to review by supreme court — Conflict must exist when judgment rendered — Certification not author-ized where conflict subsequently arises.*

1. The provision in Section 6, Article IV, of the Constitution, that "whenever the judges of a court of appeals find that a judg-ment upon which they have agreed is in conflict with a judg-ment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determina-tion," confers exclusive authority on the judges of the court of appeals to find the existence of the conflict referred to, and in order to vest this court with jurisdiction to review and determine the case that finding must be entered and certified with the record of the case to this court.

2. Where one court of appeals has entered a final judgment in a case pending before it and another court of appeals subse-quently renders a judgment upon the same question in conflict therewith, the judges of the former court are not authorized by the provision quoted to make and enter a finding of such subsequent conflict, arrest the enforcement of the judgment entered by it and certify the record of the case to this court for final determination.

(No. 15250 — Decided May 29, 1916.)

In Mandamus.

This is a proceeding in mandamus brought on the relation of The Sylvania Home Telephone Company against the defendants, who are judges of the court of appeals of Lucas county, to compel them to certify to this court for review and final determination the case of *The Sylvania Home Telephone Company* v. *The Berkey Farmers' Mutual Telephone Company et al.* The latter case was brought in the common pleas of Lucas county to enjoin the defendant company, which was a company organized not for profit, from constructing and operating a telephone plant in territory already occupied by the plaintiff, until the defendant should procure from the public utilities commission of Ohio permission so to do.

The defendants in that action admitted in their answer substantially that they were constructing a telephone system in Richfield township in the territory occupied by the plaintiff and that they had not received from the public utilities commission any permission to operate their telephone plant in the territory occupied by the plaintiff company, but alleged that they were not required under the laws of Ohio to procure from the public utilities commission such permission for the reason that they were a mutual company not for profit.

It is admitted by the pleadings in the case at bar that the common pleas court in the original proceeding found for the defendants on the issues joined; that the cause was appealed to the court of appeals, where judgment was entered in favor of

the defendants on the sixteenth of February, 1914; and that on the fourteenth of October, 1915, the plaintiff company filed its motion in the court of appeals of Lucas county, moving that court to certify the record of the case to the supreme court for review and final determination for the reason that the decision of the court of appeals was in conflict with judgments rendered by the courts of appeals of Delaware and Morrow counties in causes involving a similar state of facts and the construction of the same section of the code. On the eleventh day of January, 1916, the court of appeals caused an entry to be made upon its journal which is set out in the petition of the relator herein. That entry, after reciting the filing of the motion to certify, states that the court "find that the original action was decided and the judgment entered by this court in favor of the defendants, on the sixteenth day of February, 1914; that subsequent to the entering of said judgment, the Court of Appeals of Delaware County and Morrow County in the causes set forth in said action, each rendered judgments directly in conflict with the judgment entered by this court in this cause; that the Supreme Court, subsequent to the entering of said judgment, decided in litigation between other parties, that the principle announced by this court in this cause is not the law; and that this cause should not be certified except upon order from the Supreme Court so to do, because of the length of time since the entering of the judgment in this case, and because of the changed condition of the parties, and said motion is therefore overruled."

The answer of the defendant-judges in this case substantially alleges that on account of the things recited in the entry referred to they are not required to certify the record.

On the hearing there was no dispute as to the facts and the cause was submitted to the court on the legal question presented.

*Messrs. Ray & Cordill,* for the relator.
*Messrs. Marshall & Fraser,* for the defendants.

JOHNSON, J.   Section 6 of Article IV of the Constitution contains the following: "Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

A single question is presented: Were the defendant judges, under the circumstances shown by the pleadings, required by the provision of the constitution above quoted to certify to this court the record of the case referred to?

It will be observed that on February 16, 1914, the court of appeals entered final judgment in favor of the defendant company in the original case.   The motion to certify was filed about 20 months thereafter, October 14, 1915.   On January 11, 1916, the court of appeals caused an entry to be made on its journal in which it is recited that the original action was decided and judgment entered in favor of defendants on the sixteenth day

of February, 1914; that subsequent to the entering
of that judgment the court of appeals of Delaware
county rendered a judgment in conflict with its
judgment, and that for the reasons set out it then
refused to certify the record to this court.

In *City of Akron* v. *Roth,* 88 Ohio St., 456, this
court had under consideration the clause in Section
2 of Article IV, which provides that in cases of
public or great general interest the supreme court
may "within such limitation of time as may be pre-
scribed by law" direct any court of appeals to
certify its record, and, in view of the fact that no
limitation as to the time of making application to
certify the record had been prescribed by law, this
court fixed a limitation of 70 days from the date
of the judgment for the filing of the application.

In *Crawford* v. *Weidemeyer,* 93 Ohio St., 461,
it was held that although the clause of the consti-
tution which is involved in the case at bar contains
no reference to a limitation of time "for the find-
ing of such conflict or certification of a case to this
court upon the ground of conflict of judgments of
courts of appeals," yet the provision should be in-
terpreted by analogy so as to authorize a limitation
of time.  This court thereupon also fixed 70 days
as such limitation, but provided that it should ap-
ply only to cases certified and filed subsequent to
May 1, 1916.  The question remains whether,
after a court of appeals has entered its final judg-
ment in a case and another court of appeals subse-
quently pronounces a judgment upon the same
question in conflict therewith, the former court
may thereupon arrest the enforcement of the final

judgment rendered by it, enter a finding of the subsequent conflict and certify the record to this court.

It is insisted by the relator that the provision is comprehensive and requires a court of appeals to certify its record without reference to the time that the conflicting judgment may have been rendered; that the word "whenever" requires the application of this broad construction. As to a similar contention made with reference to the state of facts shown, it is said in *Crawford* v. *Weidemeyer,* at pages 464, 465: "Such a construction of this constitutional provision would do violence to the very purpose of the entire amendment to the constitution reorganizing the judicial system of the state, as so clearly and emphatically stated by the framers thereof  *  *  *  That object was to simplify, not complicate, court procedure; to decrease and limit, not to extend indefinitely, the period of litigation.  *  *  *  The word 'whenever' as used in this provision may be regarded as meaning 'if' or 'should.' "  It is provided in the same section of the judicial article of the constitution in which the clause under investigation here is found that "judgments of the courts of appeals shall be final in all cases," except as to certain enumerated classes in which jurisdiction is conferred upon the supreme court. It is generally known, and nowhere disputed, that the purpose of the constitutional convention and of the people was to provide for one trial and one review, except in the enumerated cases referred to. It is equally evident that the constitutional convention felt that

it would be wholly unwise to create such a judicial structure as would permit one court of appeals to disregard and refuse to follow the judgment pronounced by another court of appeals upon the same question, without some method of composing the conflict thus created. Therefore, the provision we are considering was inserted. By its terms a court of appeals—which differs as to the proper disposition of a legal question involved in a case pending before it from the judgment pronounced upon the same question by another court of appeals—may adhere to its view, but in such event is required to include in its entry a finding of the conflict and a certification of the record of the case to this court for review and final determination. The authority to find and determine the existence of the conflict is vested exclusively in the judges of the court of appeals who have agreed upon the conflicting judgment, and in order to vest this court with jurisdiction to review and determine the case the finding of the conflict must be entered and the record certified. This will result in an authoritative pronouncement upon legal questions and the bringing about of the uniformity in judicial holdings which is desirable. But there is not disclosed any intention to permit, and the language used does not require such a construction as will permit, the opening up of final judgments theretofore rendered, and in many cases fully enforced or complied with. The language is: "Whenever the *judges* of a court of appeals find that a judgment upon which they have *agreed* is in conflict with a judgment *pronounced* upon the same question by any other court

of appeals of the state, the judges shall certify the record of the case," etc.

We are convinced that the framers of the clause intended to draw a distinction between a judgment *agreed* upon by the *judges* of one court of appeals and a judgment *pronounced* by another *court* of appeals.

Everyone knows that the necessary procedure in the consideration of cases is for the judges to examine the case, consult and agree upon the judgment which they will thereafter pronounce. These are the steps by which the judges agree upon what the judgment shall be, but when the judgment is pronounced it is then the action of the court. We think it clear that the drawers of the clause in question had these natural and necessary steps and this situation in mind. It is the duty of the court to ascertain and give effect to the intent of the people, and the language used should be given its ordinary and reasonable meaning.

No narrow reasoning should be allowed to disregard that intention and no merely technical rules should be permitted to defeat it. But even a technical definition of the terms is in harmony with the manifest intention of the people as above indicated. A judgment is defined in 1 Freeman on Judgments (4 ed.), Section 2, as: "The decision or sentence of the law pronounced by a court or other competent tribunal upon the matter contained in the record." In 23 Cyc., 665, it is said: "At common law a judgment is the determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or pro-

ceeding instituted in or before such court or judge, affirming that, upon the matters submitted for its decision, a legal duty or liability does or does not exist." In same volume of Cyc., page 835: "The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict."

It must be kept in mind that in each case the jurisdiction of the courts is invoked to adjudicate the rights of the parties in that particular controversy; and when a judgment has been rendered in due course by a court of final jurisdiction the parties should not be left in doubt as to its finality or be led to speculate on the possibility that a different court in a controversy between different parties may afterwards differently decide the legal questions involved. It frequently happens that a court of last resort overrules a reported decision formerly made by it, but no one would contend that the overruling operated to open afresh the controversy disposed of in the overruled case.

The chief objects of the amendment to the judicial article to the constitution were to avoid the mischief of endless litigation and to secure the salutary results that come with the assurance of the conclusive effect of final judgments.

The writ will be denied.

*Writ denied.*

NICHOLS, C. J., DONAHUE and NEWMAN, JJ., concur.

JONES and MATTHIAS, JJ., dissent from second proposition of syllabus.