## GUSTIN v. SUN LIFE ASSUR. CO. OF CANADA.

### No. 9981.

Circuit Court of Appeals, Sixth Circuit.

March 25, 1946.

Writ of Certiorari Denied June 10, 1946.

See 66 S.Ct. 1374.

For former opinion, see 152 F.2d 447.

Max D. Gustin, of Cleveland, Ohio (Harrison & Marshman, M. C. Harrison, and Max D. Gustin, all of Cleveland, Ohio, on the brief), for appellant.

C. W. Sellers, of Cleveland, Ohio (C. W. Sellers, R. M. MacArthur, and Thompson, Hine & Flory, all of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant files a petition for rehearing urging that Section 1483, General Code of Ohio, controls the decision in this case, and that in applying the rule laid down in an unreported case, Johnson v. Penn Mutual Life Ins. Co., Cause No. 17,113 in the Court of Appeals of Cuyahoga County, Ohio, this court followed a decision which Ohio courts are forbidden to recognize. Section 1483, which relates to the reporting of decisions in the Supreme Court of Ohio and the various courts of appeals, contains a provision that "Only such cases as are hereafter reported in accordance with the provisions of this section shall be recognized by and receive the official sanction of any court within the state." This section has never been construed by the Supreme Court of Ohio. The appellee argues that Section 1483 does not govern cases decided by Ohio courts of appeals, contending that it applies only to opinions of the Supreme Court of Ohio, which are specifically required by the Ohio Constitution, Article IV, Section 6, to be reported and for whose reporting elaborate statutory arrangements have been made in Sections 1481–1490 inclusive, General Code. It points out that the Ohio Constitution nowhere requires opinions of Ohio courts of appeals to be reported, and that Section 1520, General Code, which relates to reports of inferior appellate courts, contains no provision such as that of Section 1483, that unreported cases shall not be recognized by the courts.

This contention might have persuasive force if it were not for the fact that Section 1520 provides that whenever an opinion of a court of appeals, per curiam, or report of a case, has been prepared "in

accordance with section 1483 of the General Code,'' it shall be handled as required by that section. But section 1483, if mandatory, requires that unreported opinions be not recognized by Ohio courts. Moreover, the legislative history of that section shows that the provision relied on by appellant was part of an amendment which for the first time provided for the reporting of court of appeals opinions. This amendment (103 Ohio Laws, p. 405; cf. 108 Ohio Laws, part I, pp. 276, 277) contains both the provision for reporting court of appeals opinions and the provision that unreported opinions shall not have sanction in any court of the state. Since they were enacted simultaneously and as part of the same amendment, they are in pari materia, and must be construed together. So construed, the provision as to unreported cases applies to decisions of the various courts of appeals.

However, this part of Section 1483 has been for the most part unenforced in the courts of Ohio, evidently being regarded as directory, rather than mandatory. See The Unofficially Reported Case as Authority, by Maurice A. Young, 1 Ohio State University Law Journal, page 135. Cf. Central Greyhound Lines, Inc. v. State Automobile Mutual Life Ins. Co., 17 O.L.A. 419, 423.

[1] The situation where courts must determine whether unreported decisions shall or shall not be recognized is frequently presented in Ohio in certification cases. Under Section 6 of Article IV of the Ohio Constitution any court of appeals is authorized to certify to the Supreme Court any judgment which such court agrees to be in conflict with a judgment pronounced upon the same question by any other court of appeals. This authority is exclusive in the judges of the courts of appeals, and the Supreme Court has no authority to find the existence of the conflict. State ex rel. Sylvania Home Telephone Co. v. Richards, 94 Ohio St. 287, 114 N.E. 263. When the conflict is certified, the Supreme Court is required to review the case and to determine which of the conflicting judgments is correct. In these certification proceedings, the courts of appeals of Ohio repeatedly recognize and give official sanction to unreported decisions by certifying reported decisions as being in conflict with them. They recognize the unreported decision as declaring law in conflict with the reported decision. The only case we have found to

the contrary is Bevan v. Century Realty Co., 64 Ohio App. 58, 27 N.E.2d 777. The Supreme Court, therefore, has frequently had presented to it unreported cases from the courts of appeals. In certain conflict cases the Supreme Court of Ohio has reversed the reported case (cf. Bauer v. Grinstead, 142 Ohio St. 56, 50 N.E.2d 334), and has thus in effect upheld the unreported case.

In the official reports of the Supreme Court, from volume 137 to 139 inclusive, several unreported cases from courts of inferior jurisdiction are cited. The Supreme Court also recognizes and gives official sanction to its own unreported cases. As stated in Bumiller v. Walker, 95 Ohio St. 344, 351, 116 N.E. 797, 800, L.R.A. 1918B 96, "Ordinarily this court does not regard its unreported cases as judicial authority, for the reason that it is generally impossible to ascertain the concrete legal propositions involved and decided; but where a single question was involved, and that succinctly stated and decided, it cannot be said that such unreported case is wholly without influence." While this decision was announced prior to the enactment of Section 1483, the above rule as to unreported cases has never been modified nor limited. These facts conclusively determine that Section 1483 is not regarded as mandatory by Ohio courts.

Moreover, in the instant case, the determining consideration was stated by the Supreme Court of the United States when it declared in West v. American Telephone & Telegraph Co., 311 U.S. 223, 225, 227, 61 S.Ct. 179, 183, 85 L.Ed. 139, 132 A.L.R. 956, that it is the duty of the federal courts "in every case to ascertain from all the available data what the state law is and apply it rather than to prescribe a different rule * * *."

The effect of Johnson v. Penn Mutual Life Ins. Co., supra, relied on, in our opinion, as controlling was argued at length at the hearing before us. Part of the transcript of the testimony in that case and all pertinent entries of the trial court and of the Cuyahoga County Court of Appeals were made a part of the printed record. The case was dignified and made accessible to bar and litigants by the fact that application was made for certiorari and for the filing of a petition as of right in the Supreme Court of Ohio. The ruling upon these motions was reported in the official reports of the Supreme Court (136 Ohio

St. 39, 23 N.E.2d 501) and the effect of this ruling was argued before us.

We think we cannot ignore this data so definitely presented as to what the state law is upon the precise point at issue in the instant case. Paraphrasing the words of the Supreme Court in West v. American Telephone and Telegraph Co., supra, 311 U.S. page 238, 61 S.Ct. 184, if the present suit had been brought in the Cuyahoga County Court, no reason is advanced for supposing that the Cuyahoga County Court of Appeals would depart from its previous ruling or that the Supreme Court of Ohio would grant the review which it withheld before.

The petition for rehearing is denied.