PERSONAL LOAN AND FINANCE CORPORATION OF MEMPHIS

*v.*

GUARDIAN DISCOUNT COMPANY.

(*Jackson,* April Term, 1959.)

Opinion filed February 5, 1960.

LAUGHLIN, WATSON & CRESON, Memphis, for plaintiff in error.

ERIC BABENDREER and ROBERT E. JOYNER, Memphis, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

We have heretofore granted a certiorari in this case. Briefs have been filed, arguments heard and we now have the matter for disposition.

The plaintiff in error brought a suit in the Circuit Court for conversion of a 1956 Dodge automobile against the defendant in error. The claim of the plaintiff was that it had a prior lien on the automobile by virtue of a

chattel mortgage executed to it by one Robert L. Shackelford and dated February 12, 1958, securing the loan.

The defendant claimed the automobile by virtue of an execution against the said Shackelford issued and levied on the automobile on February 20, 1958.

The trial judge dismissed the plaintiff's suit because, among other things, he held that there was no constructive notice of the plaintiff's chattel mortgage lien under authority of Section 59-327, T.C.A., because the notice did not become effective until February 24, 1958, and therefore its lien was subordinate to the defendant's execution levied on February 20, 1958. The execution was levied on a judgment out of the General Sessions Court. The Court of Appeals affirmed the trial court on this proposition.

The plaintiff corporation mailed its chattel mortgage, the certificate of title and a request for noting of the lien along with $1 fee to the Department of Finance and Taxation on February 14, 1958, from Memphis. The certificate of title and chattel mortgage were returned to the plaintiff in Memphis by mail from the Department of Finance and Taxation sometime after February 26, 1958. The new certificate of title as sent by the Department of Finance and Taxation is dated February 26, 1958, and shows on it the chattel mortgage, the amount and the date of February 12, 1958.

The chattel mortgage which was sent to the Department of Finance and Taxation bore two separate notations or endorsements which had been placed thereon by the Department of Finance and Taxation in Nashville.

The first notation bore no signature and was as follows: ·

"Feb-17-58 338478 8 00 —1— 1.00"

The second notation was as follows:

"Received for record
1958 Feb. 24 PM 1 14

/s/ Grace W. Casey

Supervisor of Lien
Div of Motor Vehicles
Tenn Dept of Fin & Tax"

The lower courts held that the first notation above quoted did not constitute the endorsement contemplated by the Statute (59-327, T.C.A.) and that the effective date of constructive notice under such statute was February 24, 1958, as shown by the second quoted endorsement.

▮ There were no officials of the Department of Finance and Taxation introduced to explain the reason for the two notations or the practice of the Department in filing liens for record. It was conceded though by counsel that both notations were placed thereon by the Department of Finance and Taxation in Nashville. Such admissions of course by counsel in open court are binding upon the defendant. *Pewitt v. Pewitt,* 192 Tenn. 227, 240 S.W.2d 521.

The Court of Appeals observed that:

"The first notation indicates to us that the chattel mortgage was received by the Department of Finance and Taxation on February 17, 1958, along with a remittance of $1.00."

This is a very obvious and correct conclusion in view of the fact that the chattel mortgage with the required statutory fee were mailed from Memphis to Nashville to the Department of Finance and Taxation on February 14th. We, of course, will take judicial knowledge of the fact that this would give ample time for the papers to arrive from Memphis in Nashville and since it is conceded that the first notation was made at that time we must conclude that that is the time that the Department received the papers for the administrative work necessary to be done by the Department of Finance and Taxation on these papers, that is, the chattel mortgage along with the certificate of title mailed by the plaintiff on February 14 were noted as having been received on February 17, 1958, by the Department of Finance and Taxation and it is likewise noted that the required fee was received by them.

We now come to the determinative question in the lawsuit, that is, does such a receipt and notation constitute constructive notice under the Statute so as to make the mailing of this chattel mortgage and title certificate to the Department and receipt by them on February 17 antedate the execution which was issued on February 20, 1958.

This Court held in *City Finance Co. v. Perry,* 195 Tenn. 81, 257 S.W.2d 1, 36 A.L.R.2d 224, that the filing and notation of a lien as required by Section 59-327, T.C.A., upon the certificate of title shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to the creditors of the owner and to subsequent purchasers and encumbrances except such liens as may be authorized by law dependent on posses-

sion. This case though does not determine the question here presented, that is, when the constructive notice begins to run.

The Statute in question (59-327, T.C.A.) is headed "Constructive notice of lien upon filing request for notation—Method of giving notice—" and the controlling sentence insofar as the question here is:

"Constructive notice shall date from the time of *receipt and filing* of the request for the notation of said lien or encumbrance upon the certificate of title by the division as shown by its indorsements thereof." Emphasis ours.

When we read the entire Act and particularly the section of the Statute here last quoted from, we find that the Legislature has provided that the exclusive method of giving constructive notice of encumbrances on motor vehicles is the filing and notation of the encumbrance upon the certificate of title. The Act further provides that compliance with statutes relating to registration in the registers office of chattel mortgages on motor vehicles covered by this Act is not required. It would thus seem that any recording of an encumbrance on a motor vehicle covered by this Act would be ineffective to give constructive notice of the encumbrance, and that this is the only method. The practical effect of the Act is that the lien holder on a motor vehicle covered by this Act only has to have his lien properly recorded and noted on a certificate of title in order to protect his lien against subsequent encumbrances. This Section of the Act is concerned primarily with notice. A subsequent purchaser, creditor, or lienor must have either actual notice of a prior encumbrance or constructive notice thereof, as supplied by a

compliance with the Act, in order to be bound by the prior encumbrance. In our land recording law it is well settled that the notation of the time of reception in the registers office constitutes a prior claim and it is not the recording of the instrument. One hundred years ago in *Ruggles v. Williams,* 38 Tenn. 141, this Court held as between two mortgage creditors that the instrument first "noted" by the clerk for registration, but last registered, constituted a prior mortgage even though the mortgage secondly noted was recorded first. These land registration and registration of chattel mortgages and things of that kind prior to the motor vehicle act, that we are here concerned with, are contained in Sections 81-1308, T.C.A., and 64-2602 et seq., T.C.A.

It seems to us that when the Legislature enacted this Motor Vehicle Title Registration Act, they knew (certainly this is the legal presumption) that the effect of recording the chattel mortgage under the land law and those things or a mere notation of it by the register constituted notice at that time, and that is what they had in mind when they provided in the Act here that constructive notice should date from the time of "receipt and filing," and not from the time that the matter was actually written up by the Department of Finance and Taxation. The notice dates from the date of the receipt and filing as shown by the first notation above quoted, that is, February 17, 1958. If the Department of Finance and Taxation has reached any other conclusion, we think that they are wrong under the correct interpretation of the terms of the Act, and that probably the wording of the various stamps that they put on these instruments should be changed.

The conclusion that we have reached above finds support in the interpretation and meaning of the language of the Legislature when they say that constructive notice shall date from the time of "receipt and filing". Of course receipt merely in this instance means the act of receiving or the fact that it is being received or that it has been received, while the term or word "filing" of the paper here merely means the delivery of the encumbrance upon this certificate of title to the officer, that is, the Department of Finance and Taxation at its office, and when he receives it and puts the file mark on it of filing, this constitutes the date and time of the effective date of the lien.

The word "filing" is in no way synonymous with recording or spreading on the minutes or rewriting another title certificate showing these liens but in our judgment, under these words, it merely means the receipt in this office. The chattel holder of the chattel mortgage or the lienor under the Act was obligated only to file his mortgage and title certificate with the Department of Finance and Taxation and when he had done this and paid the legal fee therefor that is all that the Act required that he do. Any administrative work to be done thereafter by the Department of Finance and Taxation certainly cannot be taken into consideration in making the effective date of the lienor's claim, because had this been the intent, then the Legislature would have had to change the whole law prior to the 1951 Act under which these automobile liens were recorded. Then all they had to do was to file the chattel mortgage in the Registrar's office, and as quick as it was noted there the lien started, immediately upon its notation and not after the adminis-

trative work of copying it on the chattel mortgage books or what not in that office.

It is our conclusion therefore that the proper interpretation of the words of the Act is as above referred to, and that under the Act itself, the effective date of the lien is as shown by the first notation made by the Department of Finance and Taxation on these papers, that is February 17, 1958. This being our conclusion the result is that the judgment of the two courts below must be reversed and the cause remanded for such other proceedings as is necessary.