ALLEN, Judge.
Appellant, plaintiff below, appeals from a judgment in favor of appellee, defendant below. This suit was brought before the court below sitting without a jury and based on a Stipulation of Facts. The cause was submitted to the trial court for final judgment by agreement of the parties.
We are called upon to determine the priority of two liens on a 1963 Lincoln Continental automobile. Based on the Stipulation of Facts as presented in the record, we find the facts to be that William C. Dunn purchased the said automobile from Rhea McPherson on November 17, 1964. Rhea McPherson endorsed the original title certificate to William C. Dunn in blank. The original title certificate showed a lien against the automobile which had been satisfied at the time of the transfer from McPherson to Dunn.
On November 23, 1964, Dunn pledged the automobile as collateral for a loan from ap-pellee bank. Dunn gave appellee bank a chattel mortgage on the subject automobile and signed a promissory note. The appel-lee bank took possession of and held the original certificate of title endorsed in blank. Appellee bank did not have the lien recorded in the office of the Florida Department of Motor Vehicles in Tallahassee.
In January, 1965, Dunn acquired from the Florida Department of Motor Vehicles a duplicate certificate of title on the automobile. The duplicate certificate of title showed that title was vested in the original owner free and clear of any liens. Exactly how Dunn managed to get this duplicate certificate of title is not clearly set out in the record. The parties seem to agree that it was done through fraud perpetrated by Dunn.
On January 8, 1965, Dunn pledged the automobile as collateral for a loan from appellant bank. Dunn gave as evidence of ownership the duplicate certificate of title showing the endorsement in blank from Rhea McPherson to William C. Dunn. Dunn executed a chattel mortgage and promissory note in favor of the appellant *257 bank. The appellant bank did take possession of the duplicate certificate of title.
The appellant bank did search the public records of Pinellas County and the Motor Vehicle Department in Tallahassee to determine if any liens were made against the automobile. The appellant bank did have its lien properly recorded with the Florida Department of Motor Vehicles and received back a duplicate certificate of title showing it as holding a first lien against the subject automobile.
Dunn subsequently defaulted on his promissory notes with both appellant and appel-lee. Both parties accelerated their loans and stipulated to the sale of the automobile which netted $2,750.00. The proceeds of this sale are being held in trust until the final determination of this cause.
It is our task to consider these facts and determine who has the prior lien in the face of the applicable law both by case and statute. From the briefs of both appellant and appellee, we find that there are no Florida cases on point. It could then be said that this is a case of first impression based on the facts as stipulated.
All of the cases cited by both parties and through our own independent research reveal only the relationship of vendor-vendee dealing with the purchase of automobiles and subsequent liens.
The appellant asks the question:
Does the lien of a chattel mortgage against a motor vehicle, duly filed with the Florida Department of Motor Vehicles and noted on a duplicate title certificate have priority over an earlier chattel mortgage lien not filed with the Florida Department of Motor Vehicles, where the earlier lienor has possession of the original title certificate?
To this question we answer yes and reverse the judgment of the lower court. The appellant cites as controlling § 319.27 (2), Fla.Stats, F.S.A. The appellee cites as controlling § 319.29(1) (2), Fla.Stats, F.S.A.
First, we will pass on the applicability of § 319.29(1) (2). After a careful reading and research of this section we find that it does not apply to the facts of this case. The statute outlines the procedure for obtaining a duplicate certificate of title. It also tells how a purchaser may protect himself when presented with a duplicate certificate of title by a seller of an automobile.
The statute does not control the decision on priority in liens. Appellee cites this statute in arguing that it was the duty of appellant to require Dunn to post a bond under § 319.29(2), Fla.Stats., F.S.A., and by failing to do so it should suffer the loss. We cannot agree because no such duty is placed on one who is merely a holder of a lien against an automobile. In this case it is not the relationship of a purchaser-seller but rather the rights of lienholder as against the rights of another lienholder.
Next, we move to a discussion of the applicability of § 319.27(2), Fla.Stats, F.S.A. This section of the statute states:
“Any mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or other similar instrument made after August 1, 1949, and covering a motor vehicle required to be registered, if a notation of a lien or encumbrance has been made by the commissioner on the face of the certificate of title for such vehicle, shall be valid as against the creditors of the mortgagor whether armed with process or not and subsequent purchasers, mortgagees and other lien holders or claimants, but otherwise shall not be valid against them. All liens, mortgages and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the commissioner. Provided, however, that the lien shown on the application for *258 original certificate of title shall take priority over all liens or encumbrances filed subsequent to the date shown on such application. ■ Exposure for sale of any motor vehicle by the owner thereof, with the knowledge or with the knowledge and consent of the holder of any duly noted lien, mortgage or encumbrance thereon, shall not render the same void or ineffective as against the creditors of such owner, or holder of subsequent liens, mortgages or encumbrances upon such motor vehicle.”
Section 319.27, Fla.Stats., F.S.A., was determined to be a notice type of statute when Judge Horton of the Third District Court of Appeal stated in Coplan Pipe & Supply Co. v. McCann, Fla.App.1961,, 132 So.2d 632, 633:
“Neither § 319.15 nor § 319.27 by their terms create statutory liens on motor vehicles. They are notice or recording statutes, designed to place a potential creditor or purchaser on notice of the fact that there is a prior existing lien on a motor vehicle by containing a notation of same on the title certificate as the result of the lienholder’s compliance with other provisions of the statutes. * * * ”
The Supreme Court, in Motor Credit Corporation v. Wolverton, Fla. 1957, 99 So. 2d 286, 289, construed § 319.27(2) by stating:
“Sec. 319.27(2), in effect, requires mortgages, trust receipts, conditional sale contracts, and other similar instruments covering a motor vehicle, to be recorded in order to be valid against subsequent purchasers, creditors, mortgagees and other lienholders or claimants. It provides for priority of liens and encumbrances according to the time at which they are noted upon the title certificate, and that ‘the lien shown on the application for original certificate of title shall take priority over all liens or encumbrances filed subsequent to the date shown on such application.” (Emphasis added.)
From this we see that it was the burden of the appellee bank to record its lien to render it prior in time to the lien of the appellant bank. If the appellee had complied with the statute and recorded its lien it is reasonable to assume that this case would not be before us now.
This court in American Discount Company v. Central Bank of Tampa, Fla.App. 1961, 135 So.2d 264, 266, stated what is required of a bank in operating under § 319.-27(2):
“In the instant case, the Central Bank loaned money on the car, took a note and chattel mortgage and caused the lien to be noted on the face of the title certificate by the Motor Vehicle Commissioner. Everything was done by the bank that should have been done. * * * ”
In this case sub judice, both appellant and appellee loaned money to Dunn, took a note from Dunn, and took a chattel mortgage from Dunn. But only the appellant caused its lien to be noted on the face of the duplicate title certificate by the Director of the Florida Department of Motor Vehicles. For this reason appellant’s lien must stand superior to the lien of appellee. Appellant did search the records of the Department of Motor Vehicles for any liens against Dunn’s automobile. Appellant went further and searched the public records of Pinellas County in search of .any liens against Dunn’s automobile. Had the ap-pellee recorded the lien properly then appellant would have had cause to find it. It is true that by the statute no one is required to record a lien but if it is desired to perfect a lien against all subsequent creditors and mortgagees then the lien should be recorded.
Several cases have been reported outside of this jurisdiction which touch on this problem. We will look to these cases for a further interpretation of the applicable law.
We find an Indiana case, Superior Finance Company v. American Security Com *259 pany, 107 Ind.App. 461, 25 N.E.2d 256 (1940) with a fact situation quite similar to the case before us. In this case there are two finance companies asserting liens on an automobile and the first finance company failing to record its lien. It was held that:
“Where contract for conditional sale of an automobile was sold and delivered to the finance company together with dealer’s certificate of title, and finance company delivered such certificate to buyer without inserting its lien in the space provided therefor in the certificate, merely attaching thereto a rider describing such lien, and the buyer was thus enabled to procure a new title certificate not mentioning any lien and to obtain a loan by giving chattel mortgage, finance company’s claim to the automobile was inferior to lien of the chattel mortgage.”
In Merchants Rating & Adjusting Company v. Skaug, 4 Wash.2d 46, 102 P.2d 227 (1940), another case is presented dealing with priority of liens on an automobile where the lien prior in time was not recorded. This unrecorded lien was not enforced against a subsequent lien which was properly recorded. The Court stated:
“ * * * It may well be that the legislature concluded that, on account of the extreme mobility of that kind of chattels, something above and additional to the mere constructive notice provided by filing the mortgage in the office of a county auditor should be required for the protection of subsequent purchasers and encumbrancers of motor vehicles. At all events, it provided, in the later enactment, that, when a chattel mortgage is given upon a motor vehicle, the owner and mortgagee, acting through application made by the mortgager and signed by the mortgagee, shall secure a new state registration showing the mortgagor to be the registered owner and the mortgagee to be the legal owner. This requirement was wholly ignored in the transaction between Reed and the adjusting company.
“Because of the wrongful act of Reed in passing an apparently unencumbered title to Naomi Long, either the adjusting company or Skaug and the bank must suffer a loss. Neither the adjusting company, on the one hand, nor Skaug and the bank, on the other, participated in that wrongful act, but the adjusting company was responsible,- in some measure, for making it possible, and, as is said in Von Normann v. Woodson, 182 Wash. 271, 274, 46 P.2d 1050, 1051, citing Ross v. Johnson, 171 Wash. 658, 19 P.2d 101: ‘ * * * Of two persons injured by the wrongful act of a third, he who makes the loss possible must suffer.’ ”
In Higgins v. Robertson, 210 S.W.2d 250 (Tex.C.C.A.1948), we are again confronted with the attempted enforcement of an unrecorded lien on an automobile prior in time against a properly recorded lien. The Court stated that:
“ * * * ‘No lien on any motor vehicle to which a receipt or certificate of title has been issued shall be valid as against third parties without actual knowledge thereof, or enforceable against the motor vehicle of any such third parties unless the notation of said lien shall have been caused to be made on receipts and certificates of title on said motor vehicle.’ Since appellant’s lien was not shown in the chain of title and since appellees had no knowledge of his lien, it is our opinion that his lien does not prevail over the title and lien claimed by appellees.”
For the above reasons we reverse the judgment of the lower court. We direct the trial court to enter an order awarding the $2,750.00 held in trust to appellant.
Reversed and remanded.
LILES, C. J., and HOBSON, J., concur.