330 So.2d 75 (1976)
BANK OF HAWTHORNE, Appellant,
v.
Robert L. SHEPHERD and Charles O. Shepherd, d/b/a Shepherd Brothers Contractors, Appellees.
No. Z-328.
District Court of Appeal of Florida, First District.
March 30, 1976.
Rehearing Denied April 27, 1976.
Philip A. DeLaney of Andrews & DeLaney, Gainesville, for appellant.
David A. West of Canto, Salter, West, Doughtie & Feiber, Gainesville, for appellees.
MILLS, Judge.
The question raised by this appeal is whether the trial court erred in the priority it established on three liens.
On 18 March, McGill Plumbing and Plumbing Supply delivered its writ of execution to the Sheriff of Alachua County where it was docketed.
*76 On 7 April, Keystone State Bank executed and mailed its notice of lien to the Division of Motor Vehicles for notation on the certificate of title. On 10 April, the certificate of title was issued noting that the lien was filed on 7 April.
On 8 April, Bank of Hawthorne delivered its writ of execution to the Sheriff of Alachua County where it was docketed.
The trial court ruled that the priority of liens was (1) McGill, (2) Keystone, and (3) Hawthorne. This is incorrect. The correct priority is (1) McGill, (2) Hawthorne, and (3) Keystone.
An execution becomes a lien on personal property from the time the writ is delivered to the sheriff. Love v. Williams, 4 Fla. 126 (1850). Therefore, the writ of execution of McGill became a lien on 18 March, and the writ of execution of Hawthorne became a lien on 8 April.
A notice of lien becomes a lien on a motor vehicle on the date it is filed in the Division of Motor Vehicles. Section 319.27(2), Florida Statutes. Therefore, the notice of lien of Keystone became a lien on 10 April, which was the date it was received and noted on the certificate of title.
We have not overlooked Section 319.27(4), Florida Statutes, which provides that liens noted on a certificate of title take priority according to the order of time noted on the certificate. In our opinion, this section applies when more than one lien is noted on a certificate.
We affirm the priority of McGill's lien (1) and reverse the priority of Keystone and Hawthorne liens. Hawthorne is (2) and Keystone is (3).
BOYER, C.J., and McCORD, J., concur.