In re WILCO TRUCK RENTAL, INC. OF FLORIDA, etc.

THIRD NATIONAL BANK IN NASHVILLE

v.

WILCO TRUCK RENTAL, INC. OF FLORIDA, etc.

No. 77–3444–NA–CV (BK 74–1878)

United States District Court, M. D. Tennessee, Nashville Division.

Feb. 3, 1978.

David M. Amonette, Nashville, Tenn., Atty. for Third National Bank.

William Lamar Newport, Nashville, Tenn., for Wilco Truck Rental, Inc. of Florida.

## MEMORANDUM

MORTON, Chief Judge.

This case is before the court on appeal from the judgment of the bankruptcy judge denying plaintiff's plea for an equitable lien in a motor vehicle owned by defendant and granting defendant's motion to dismiss plaintiff's amended complaint for reclamation. Based upon a rather unusual set of facts and a confusing portion of Florida law, the bankruptcy judge held that plaintiff's security interest was unperfected and that the defendant's lien, created when it filed its Chapter XI bankruptcy petition,[1] had priority over plaintiff's security interest. It is the decision of this court that plaintiff had successfully perfected its security interest in the motor vehicle in question and that the decision of the bankruptcy judge be reversed.

An absence of sufficient notation is the source of problems in both the facts and the law of this case, and in both instances the chronology of developments is crucial to the issue presented.

1. It is provided in 11 U.S.C. § 742 that, "Where no receiver or trustee is appointed, the debtor shall continue in possession of his propetry [sic] and shall have all the title and exercise all the powers of a trustee appointed under this title, subject, however, at all times to the control of the court and to such limitations, restrictions, terms, and conditions as the court may from time to time prescribe."

The pertinent portion of 11 U.S.C. § 110(c) provides that, "The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the

## THE FACTS

On November 17, 1972, General Truck Sales, Inc. (hereinafter "GTS") sold a 1973 Peterbilt tractor truck to defendant. GTS retained a security interest in the truck pursuant to an installment sales contract that was then sold by GTS to plaintiff bank. Defendant applied with the Division of Motor Vehicles, Department of Motor Safety and Motor Vehicles for the State of Florida (hereinafter "Division of Motor Vehicles") for a certificate of title evidencing its ownership of the truck.

On January 26, 1973, a certificate of title was issued showing defendant as the owner of the truck. The certificate bore no notation of plaintiff's lien.

On December 3, 1974, defendant filed a Chapter XI bankruptcy petition. Pursuant to 11 U.S.C. §§ 110(c) and 742 defendant as debtor in possession acquired a lien on the truck as of that date. See footnote 1, supra.

On March 14, 1975, plaintiff filed a complaint for reclamation, asserting the right to reclaim the truck along with several other vehicles. A consent order was entered on April 29, 1975, whereby it was determined that plaintiff held perfected security interests in all of the vehicles except the truck at issue in this appeal.[2]

On May 7, 1975, the Division of Motor Vehicles reissued the certificate of title on the truck reflecting plaintiff's lien as of November 11, 1972. By letter of May 9, 1975, the Division of Motor Vehicles admitted that it had erred in failing to note plaintiff's lien on the original certificate,

bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

2. Although it is immaterial to the issue on appeal, the court would note that pursuant to an agreed order entered on December 10, 1975, the truck was sold and the proceeds placed in escrow pending a final determination of this case.

and that the documents filed with the application for the original certificate adequately reflected plaintiff's lien. It is axiomatic that the filing of these documents occurred prior to January 26, 1973, when the original certificate was issued, and thus pre-dates defendant's lien by approximately two years.

## THE LAW

The determinative statute in this case is Florida Statutes Annotated section 319.-27(2), which provides:

No liens for purchase money or as security for a debt in the form of retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument, upon a motor vehicle, as now or may hereafter be defined by law, upon which a certificate of title has been issued in this state shall be enforceable in any of the courts of this state, against creditors or subsequent purchasers for a valuable consideration and without notice, unless a sworn notice of such lien showing the following information:

(a) Date and amount of lien;

(b) Kind of lien;

(c) Name and address of registered owner;

(d) Description of motor vehicle showing make, type and serial number; and

(e) Name and address of lien holder; has been filed in the department and such lien has been noted upon the certificate of title covering such motor vehicle, and shall be effective as constructive notice when filed.

Defendant insists that the "clear and unambiguous language of this statute" requires both "(i) the filing of a sworn notice showing certain information *and* (ii) the notation of such lien upon the certificate of title" before a lien is perfected. Plaintiff, on the other hand, emphasizes the concluding phrase of the statute, which provides that the sworn notice "shall be effective as constructive notice *when filed.*"

Defendant's position appears to be supported by an opinion issued by the Attorney General of Florida in the 1950's:

Acceptance and recordation of notices of lien upon motor vehicles by the Motor Vehicle Commission is not authorized in any way or manner other than by notation endorsement of lien upon the face of the official certificate of title.

Op.Atty.Gen., 1953–54, p. 392. Also relied upon by defendant is *Northeast National Bank v. Central Plaza Bank & Trust Co.,* 209 So.2d 255 (Fla.App.1968). It is this case, however, that provides the clue that leads to the resolution of this case in plaintiff's favor, for the version of section 319.-27(2) interpreted and applied in *Northeast National Bank* is substantially different from the version currently in force. The older version as quoted in the case provided as follows:

Any mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or other similar instrument made after August 1, 1949, and covering a motor vehicle required to be registered, if notation of a lien or encumbrance has been made by the commissioner on the face of the certificate of title for such vehicle, shall be valid as against the creditors of the mortgagor whether armed with process or not and subsequent purchasers, mortgagees and other lien holders or claimants, but otherwise shall not be valid against them. All liens, mortgages and encumbrances noted upon a certificate of title shall take priority according to the order of time in which the same are noted thereon by the commissioner. Provided, however, that the lien shown on the application for original certificate of title shall take priority over all liens or encumbrances filed subsequent to the date shown on such application. Exposure for sale of any motor vehicle by the owner thereof, with the knowledge or with the knowledge and consent of the holder of any duly noted lien, mortgage or encumbrance thereon, shall not render the same void or ineffective as against the creditors of such owner, or holder of subsequent liens, mortgages or encumbrances upon such motor vehicle.

**82**

Notably missing is any language to the effect that filing shall constitute constructive notice, such as is found in the present section. The current edition of Florida Statutes Annotated contains no indication of the date on which the above quoted version of section 319.27(2) was amended or, in fact, that it ever existed. Yet clearly case law and the opinion of the Attorney General could not be regarded as authoritative interpretations of the current statute if they were based on the older version. On the other hand, if the change had been made after the events at issue in this case occurred, then the new statute would not be applicable. This court was finally compelled to seek assistance in the form of research conducted on its behalf at the Law Library of the University of Florida in Tallahassee to determine when the crucial change was made. That research revealed that section 319.27(2) was amended from that quoted above and in *Northeast National Bank, supra,* to substantially its present form effective January 1, 1966. *See* Laws of Florida, Ch. 65–342.

A recent Florida case, *Bank of Hawthorne v. Shepherd*, 330 So.2d 75 (Fla.App. 1976), states that, "A notice of lien becomes a lien on a motor vehicle on the date it is filed in the Division of Motor Vehicles. § 319.27(2) Fla.Stats." In *Bank of Hawthorne* the notice of lien was placed in the mail to the Division of Motor Vehicles on April 7. On April 8 another lien on the vehicle came into existence.[3] The notice of lien mailed April 7 was received by the Division of Motor Vehicles on April 10. The Division noted the lien on the certificate of title but backdated the lien to April 7, instead of April 10, the date it was received and hence the actual filing date. The court held that the lien of April 8 took priority over the lien filed April 10. However, the lien filed on April 10 was also noted on the certificate of title issued on that date. Thus it might be argued that the facts of the two cases are not sufficiently analogous to render the quoted statement from *Bank of Hawthorne* controlling on this appeal. Nonetheless, this court is able to hold on the basis of the present version of section 319.27(2) itself that the filing of notice of plaintiff's lien with the Division of Motor Vehicles constituted constructive notice thereof,[4] that defendant as debtor in possession is bound by that notice, and that plaintiff's security interest takes priority over the interest of defendant[5] created after the filing of notice of plaintiff's lien.

The judgment of the bankruptcy judge is reversed and remanded with instructions that judgment be entered in favor of plaintiff.

---

3. The lien of April 8 was an execution lien, created on that date by delivery of the writ of execution to the sheriff. *Bank of Hawthorne v. Shepherd, supra, citing Love v. Williams,* 4 Fla. 126 (1850).

4. A similar Tennessee provision, T.C.A. § 59–327(a), provides in pertinent part that, "Constructive notice shall date from the time of receipt and filing of the request for the notation of said lien or encumbrance upon the certificate of title by the division [of motor vehicles] as shown by its indorsements [sic] thereon." The Supreme Court of Tennessee has construed this section to mean that, "constructive notice should date from the time of 'receipt and filing,'" and not from the time that the matter was actually written up . . . ." *Personal Loan and Finance Corp. v. Guardian Discount Co.,* 206 Tenn. 221, 332 S.W.2d 504, 506 (1960).

5. The interest of defendant as debtor in possession, being that of a trustee in bankruptcy, footnote 1, *supra*, is not that of innocent holder for value, but that of an execution creditor, "which is about the lowest form of security." *In re Richards,* 455 F.2d 281, 284 (6th Cir. 1972); *see, e. g., In re Federal's Inc.,* 553 F.2d 509 (6th Cir. 1977); *In re Troy,* 490 F.2d 1061, 1064 (6th Cir. 1974).