**In re David KAUFMAN, Phyllis Kaufman, Debtors.**

**Bankruptcy No. 83–02208–BKC–JAG.**

United States Bankruptcy Court, S.D. Florida.

June 26, 1984.

Julia B. Rose, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., for trustee.

Christine Hall, Fitzgerald & Taylor, Fort Lauderdale, Fla., for debtors.

Patrick A. Barry, English, McCaughan & O'Bryan, Fort Lauderdale, Fla., trustee.

## ORDER SUSTAINING OBJECTION TO DEBTORS' EXEMPTIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

The trustee in this case filed an objection to the debtors' claimed exemption in their automobile, asserting that their equity in it was of greater value than they claimed, and that therefore the amount exceeded the exemption limit. A hearing was held on February 27, 1984 but additional facts were raised by the debtors in a memorandum subsequent to the hearing. Therefore the parties entered into a stipulation of facts (C.P. No. 18) and the facts as demonstrated at the hearing and as shown in the stipulation have been considered by the court in its determination.

The primary dispute in this case is over the priority of a security interest in the debtors' automobile. The debtors argued that there was a valid, perfected security interest in the automobile which reduced their equity in it to an amount permitted as an exemption. The trustee argues that perfection of the security interest was incomplete prior to bankruptcy, that under 11 U.S.C. § 544, the trustee can avoid such a lien, and that the result is that the debtors' equity in the automobile exceeds the exemption limit and the amount in excess must be paid over to the trustee. The debtors assert that the trustee has no interest in the automobile at all because title did not pass to the debtors until after the bankruptcy filing.

The debtors' schedules show that the automobile in question is a 1980 Chrysler Le Baron with a fair market value of $3,850. The trustee does not dispute the market value listed by the debtors.

Prior to bankruptcy the debtors borrowed money from Herman Kaufman and agreed to give him a security interest in the Le Baron, which was in the possession of Phyllis Kaufman. Apparently she did not own the automobile at that time, but the security interest was not a purchase money security interest. On December 2, 1983 the bank which then owned the automobile assigned it to Phyllis Kaufman, executing an assignment on the certificate of title. On that same date Phyllis Kaufman took the title certificate to Bankers Tag and Title Company South, a private tag agency. At the tag agency she executed an application for certificate of title, listing herself as owner and Herman Kaufman as lien holder in the amount of $3,925.

On December 6, 1983 the debtors filed their petition in bankruptcy. Some time between December 2, and December 7, 1983, the private tag agency forwarded the old certificate of title and Phyllis Kaufman's application for a new one to a Broward County tag agency. On December 7, 1983, the Broward County tag agency completed its application which it then forwarded to the Department of Motor Vehicles in Tallahassee. On December 20, 1983 the State of Florida issued a Certificate of Title to Phyllis Kaufman, showing a first lien in favor of Herman Kaufman, dated November 10, 1983.

■ On these facts, the automobile is not excluded from the debtors' estate on the basis that the transfer to Phyllis Kaufman was not completed prior to the filing of bankruptcy. Under § 319.22, Fla.Stats., the endorsement and delivery of the Certificate of Title by the bank was probably sufficient. However, at worst, Phyllis Kaufman had equitable title on the date of bankruptcy, and that interest would be part of the estate.

■ The issue of priority is governed by § 319.27, Fla.Stats. Subsection (3) deals with the issue of priority among competing lien creditors and provides that a security interest is perfected for priority purposes "upon the filing of the notice of lien with the department, the county tax collector, or their agents". The court concludes that Bankers Tag and Title Company South was not an "agent" of the county tax collector or the Department of Motor Vehicles. *Exchange Bank of Polk County v. Christian, In re Christian,* 8 B.R. 816 (Bkcy.Ct.M.D.Fla.,1981). Therefore, under this section of the statute, perfection did not occur on the date Phyllis Kaufman went to Bankers Tag and Title, but rather, on the date that her application was received at the county tag agency.[1] Once the trustee demonstrated that there was a valid question about the time of perfection of the security interest, the burden shifted to the debtors to prove that the security interest encumbering the automobile did have priority over the trustee. The debtors have not carried that burden and have not proven, by circumstantial evidence, or otherwise, that Phyllis Kaufman's application was received by the Broward Tag Agency prior to the filing of bankruptcy. Therefore the court finds that Herman Kaufman's security interest in the 1980 Chrysler Le Baron was unperfected on the date of bankruptcy and subordinate to the trustee's interest. The debtors must turn over to the trustee the automobile in question or $2,850, the amount by which the value of the automobile exceeds their exemption, according to the value shown on their schedules.

1. *Bank of Hawthorne v. Shepherd,* 330 So.2d 75 (Fla.App.1976) is not binding authority on the issue in this case. Subsection (3) of the statute was adopted subsequent to the decision in *Bank of Hawthorne,* and makes legislative provision for the very issue of priority among competing lienholders which the First District Court of Appeal decided in *Bank of Hawthorne.*