In re Clinton W. YORK and Margaret E. York, Debtors.

Robert H. WALDSCHMIDT, Trustee, Plaintiff,

v.

Jimmy C. SMITH, Clinton W. York and Margaret E. York, Defendants.

Bankruptcy No. 383–01762.
Adv. No. 383–0524.

United States Bankruptcy Court, M.D. Tennessee.

Sept. 17, 1984.

Robert H. Waldschmidt, Cosner & Waldschmidt, Nashville, Tenn., for Trustee.

John T. Gwin, Robinson, Mount Juliet, Tenn., for debtors.

David Dunlap, Hermitage, Tenn., for Jimmie C. Smith.

MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether an application for notation of lien on the title to an automobile which is properly filed but subsequently lost due to error by the filing officials of the State of Tennessee, nevertheless perfects a security interest superior to the trustee in bankruptcy. Because Tennessee law requires both *filing and notation* of the lien on an automobile title for perfection of a security interest, the trustee may defeat the putative lienor and sell the automobile free of the lien.

The following constitute findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

## I.

The trustee filed this complaint to sell a 1977 Cadillac free and clear of liens. The facts are not disputed.

On September 20, 1981 Margaret York ("debtor") signed a note for $5,000 to Jimmy C. Smith ("defendant"), her brother-in-law. The note recites that debtor agreed to make defendant a second lienholder on her 1977 Cadillac. On April 30, 1982, debtor filed a proper "Application for Noting of Lien on Certificate of Title" with the Motor Vehicle Division of the Department of Revenue of the State of Tennessee ("MVD"). Pursuant to this filing, a lien in favor of the defendant should have been noted on the certificate of title.

The records of the MVD and testimony of the Assistant Director of Vehicle Records confirm that the filing of the application did occur and that appropriate fees were paid. The MVD subsequently lost the Application. The lien was never noted on the certificate of title. Testimony indicated that a party making inquiry to the MVD would not have been informed of the existence of the lien. The debtor filed bankruptcy on July 7, 1983.

## II.

The general rule that the bankruptcy trustee's lien creditor status as of the date of filing prevails over the claims of the holders of unperfected security interests must be measured against defendant's argument that its lien was perfected though never actually noted on the car title. The parties agree that Tennessee law controls the question whether the defendant's lien was perfected.

Title 55, Chapter 3 of Tennessee Code Annotated regulates certificates of title to motor vehicles. TENN.CODE ANN. §§ 55–3–125 and 55–3–126 specifically address the requirements for perfecting liens on motor vehicles:

> No conditional sales contract, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien, dependent upon possession entered into after March 1, 1951, or a lien of the state for taxes established pursuant to chapter 60 of title 67, shall be valid against the creditors of an owner or subsequent purchasers or encumbrancers until the requirements of this section and § 55–3–126 have been complied with, unless such creditor, purchaser, or encumbrancer has actual notice of the prior lien.

TENN.CODE ANN. § 55–3–125 (1980).

> Such filing and the notation of the lien or encumbrance upon the certificate of title as provided in chapters 1—6 of this title shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of receipt and filing of the request for the notation of said lien or encumbrance upon the certificate of title by the division as shown by its indorsements thereon.

TENN.CODE ANN. § 55–3–126(a) (1980). The trustee argues from the first sentence of § 55–3–126(a) that both filing *and* notation are required for constructive notice to be effective while defendant claims that the last sentence of the section shows that mere filing of the request for notation is sufficient.

The Tennessee case most similar to the present dispute is *Gourley v. Chrysler Credit Corp.*, slip op. (Tenn.Ct.App. July 28, 1978).[1] In *Gourley* the creditor sent

---

[1] In order to ascertain Tennessee law on this issue, we look to all relevant sources. The parties have not cited nor have we located any Tennessee Supreme Court case which deals directly with the issue presented. The *Gourley* case, an unpublished decision of the Tennessee Court of Appeals, is the best indicia of state law on the subject. *See Commissioner v. Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967) quoting *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 ("an intermediate appellate state court ... is a datum for asserting state law which is not to be disregarded by a federal court unless it

the proper papers to the MVD to have its lien on an automobile noted. The MVD erroneously failed to note the lien on the certificate of title and the car was subsequently sold to a purchaser who took without notice of the lien. The court held that the statute [2] required both filing and notation for effective notice and, therefore, the purchaser took the car free from the lien. The court held that the risk of loss from a mistake should be born by the secured party who is ultimately responsible for seeing that the lien is properly noted.[3] *Gourley,* slip op. at 8–9.

The defendant argues that constructive notice is not determined by notation of the lien on a title, but dates from the time of filing of the request for the notation of lien, citing *Personal Loan and Finance Corp. v. Guardian Discount Co.,* 206 Tenn. 221, 332 S.W.2d 504 (1960). In *Personal Loan and Finance Corp. v. Guardian Discount Co.,* the MVD received the plaintiff's application for notation of lien on February 17, the defendant levied on the automobile on February 20, and the new certificate of title showing the lien was issued on February 26. The court held for the plaintiff/lienor on the ground that constructive notice of the lien dated from the time of filing on February 17. *Personal Loan* is cited and discussed by the court in *Gourley.* As the *Gourley* court explains, *Personal Loan* involves only the timing for constructive notice of a lien which was actually recorded on the vehicle title. Thus, the case stands for the proposition that *once a lien has been noted on the title,* the date of the commencement of

---

is convinced by other persuasive data that the highest court of the state would decide otherwise."

We recognize that unpublished opinions are not generally regarded as authority in Tennessee. *Board of Commissioners v. Obion County,* 188 Tenn. 666, 222 S.W.2d 7 (1949); *Phoenix Cotton Oil Co. v. Royal Indemnity Co.,* 140 Tenn. 438, 205 S.W. 128 (1918). However, "the reasoning of the Court in such cases may be considered if persuasive." *Cook v. State,* 506 S.W.2d 955, 958 (Tenn.Crim.App.1973).

The Sixth Circuit has approved reliance on unpublished state court opinions to determine state law in diversity cases even where a state statute declared that only officially reported decisions were authoritative. *Gustin v. Sun Life Assurance Co.,* 154 F.2d 961 (6th Cir.) *cert. denied,* 328 U.S. 866, 66 S.Ct. 1374, 90 L.Ed. 1636 (1946). The *Gustin* court held that the federal court should look to all available state data and where the unpublished state decision concerned the precise point at issue in the federal case it should not be ignored where there is no reason to believe the state courts would depart from their previous holding. 154 F.2d at 962–963. In *Royal Indemnity Co. v. Clingan,* 364 F.2d 154, 158 (6th Cir.1966), the court stated "we may give weight to this [unreported] decision of the chancery in determining what is the controlling law of Tennessee in the present case."

We note that other Sixth Circuit authority holds that federal courts should not be bound by unpublished state court opinions which would not be binding in the state courts themselves. *Southern Railway Co. v. Foote Mineral Co.,* 384 F.2d 224 (6th Cir.1967) (unpublished Tennessee Supreme Court opinion not binding on federal court); *Doggrell v. Great Southern Box Co., Inc.,* 206 F.2d 671 (6th Cir.1953) (federal courts not bound to follow decision of Tennessee Chancery Court). *See also King v. Order of United Commercial Travelers of America,* 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1947) (Although "some" weight given to decision of South Carolina Court of Common Pleas, such decision not controlling where decisions are not published, are accorded little weight in South Carolina state courts, and as a practical consideration are difficult to locate.)

It is not necessary for us to determine whether this court is *bound* by the *Gourley* decision. We believe the *Gourley* decision is a reasonable interpretation of Tennessee law which is consistent with reported precedents. There is no reason to think that the Tennessee Supreme Court would hold differently if confronted with the issue presented here. Accordingly, we choose to follow the rationale of *Gourley* as indicative of Tennessee law. *See* Walker, *Creation, Perfection, and Enforcement of Security Interests Under the "Tennessee" Commercial Code,* 48 TENN.L.REV. 819, 838 (1981).

**2.** The statute in effect at the time of the *Gourley* decision was TENN.CODE ANN. § 59–327 (1955). Its wording was identical to that found in the current § 55–3–126.

**3.** In this case neither the debtor nor the lienor (the debtor's brother-in-law) demonstrated any particular diligence about the notation of the lien. The debtor waited more than seven months after signing the note to make the application for notation of lien. The lienholder-to-be, defendant Smith, apparently waited several years to check whether his lien was noted and even then not until after the issue was joined in this bankruptcy.

constructive notice is the date of the filing of the application for notation of the lien. The notation itself is still required. As Judge Paine of this court held in *Coble Systems, Inc. v. Coors of the Cumberland, Inc.*, 19 B.R. 313, 320 (Bankr.M.D.Tenn. 1982), in Tennessee "perfection of a security interest in a motor vehicle may be effectuated *only* by notation of the lien upon the vehicle's certificate of title." *See also In re Wallace*, 251 F.Supp. 581, 584 (E.D. Tenn.1966) ("a valid lien upon a motor vehicle is dependent first upon registration, and second upon the issuance of a certificate of title and third, upon the registration of the lien upon said certificate of title").

This result is consistent with the purpose of recording statutes which is to provide notice to subsequent parties. The evidence in this case is that inquiry to the MVD as to the existence of defendant's lien would have been fruitless. Mere filing without actual notation of the lien on the certificate does not effect the requisite notice. Also this holding gives effect to all provisions of TENN.CODE ANN. § 55–3–126(a) and harmonizes the last sentence of that section with the first.

*Waldschmidt v. Miracle Motors (In re Haynes)*, 28 B.R. 136 (Bankr.M.D.Tenn. 1983) cited by defendant, does not infer a contrary result. There the issue was whether perfection occurred when the application for lien notation was received by the MVD or when the application was filed with the county clerk. In that case, the lien was eventually noted on the title and the only question was when the perfection occurred.

The defendant has cited no cases where filing only, without actual notation, was sufficient to defeat subsequent purchasers or creditors. Because *Gourley v. Chrysler Credit Corp., supra,* indicates that Tennessee law requires both filing and notation,[4] this court holds that the trustee defeats the defendant's lien claim.

An appropriate order will be entered.

---

**4.** Results under motor vehicle lien laws in other states are dependent on the particular language of the statute. For example in *Liberty National Bank & Trust Co. v. Garcia,* 38 U.C.C.REP. SERV. 1040 (Okla.Ct.App.1984), the court held for the secured party victimized by a filing clerk error. There the statute read "the security interest … shall be perfected only when a lien entry form … and existing certificates of title … are delivered to the Oklahoma Tax Commission or one of its motor license agents." *Id.* at 1043. Similarly, *see T & O Mobile Homes, Inc. v. United California Bank,* 38 U.C.C.REP.SERV. 1034, 202 Cal.Rptr. 39 (Cal.Ct.App.1984) (statute reads "the deposit [of the proper documents] constitutes perfection"). The various state statutes are collected and categorized in 1C U.C.C. SERV. § 30A.07(6) (MB 1984). There Tennessee is classified as one of the "Jurisdictions Which Require Actual Indication of the Security Interest on the Certificate and Its Issuance to Perfect" as opposed to those "Jurisdictions Which Require Mere Delivery to the Proper Officer to Perfect."

The United States District Court for the Middle District of Tennessee applying a "confusing portion of Florida law" to a "rather unusual set of facts" concluded in *Third National Bank v. Wilco Truck Rental, Inc.,* 446 F.Supp. 79 (M.D. Tenn.1978) that notice of a lien on a motor vehicle dates under Florida law, from the time of filing with the Division of Motor Vehicles. In a footnote to its opinion, 446 F.Supp. at 82 n. 4, the court observes that *Personal Loan and Finance Corp. v. Guardian Discount Co.,* 206 Tenn. 221, 332 S.W.2d 504 (1960), may require a similar outcome under Tennessee law. However, this note was written by the court before the Tennessee Court of Appeals decision in *Gourley* and the footnote in *Wilco Truck* is not part of the holding of the case. As the author points out in Walker, *Creation, Perfection, and Enforcement of Security Interests Under the "Tennessee" Commercial Code,* 48 TENN.L.REV. 819, 838 (1981), the rule involving motor vehicle liens in Tennessee is contrary to the rule found in some decisions involving errors by the filing officer with respect to U.C.C. financing statements.