**In re Neal H. DWARES, Debtor.**

**INDUSTRIAL NATIONAL BANK OF RHODE ISLAND, Plaintiff,**

**v.**

**Thomas H. QUINN, Jr., Trustee, and Neal H. Dwares, Debtor, Defendants.**

**Bankruptcy No. 8000419.**
**Adv. No. 800189.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 14, 1980.

Philip R. DeSano, Providence, R. I., for plaintiff.

David Hassenfeld, Providence, R. I., for debtor.

Thomas H. Quinn, Jr., Providence, R. I., trustee.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

## MEMORANDUM OPINION

Heard on the complaint of Industrial National Bank of Rhode Island, as an allegedly secured creditor, seeking reclamation of an automobile.

The debtor objects, contending that the Bank's financing statement is invalid because it fails to include the signature of the lienholder, Industrial National Bank of Rhode Island. Rather the financing statement contains only the signature of one "Susan Morgeri", with no indication of the capacity in which she signed, nor any indication of her representation of the Bank.

The creditor maintains that the financing statement is valid as signed without any designation of corporate capacity, and cites Rhode Island General Law 6A–9–402(1) amended, which provides, in relevant part:

> A financing statement is sufficient if it gives the names of debtor and the secured party, is *signed by the debtor*, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items of collateral. [emphasis supplied]

The 1972 Revision of Article 9 of the Uniform Commercial Code deleted the requirement in subsection (1) that a financing statement be signed by the secured party. Accordingly, the cited provision of Rhode Island General Law as amended in 1979 and effective January 1, 1980 no longer requires the signature of the secured party. The debtor apparently bases his argument for relief upon the former U.C.C. § 9–402(1). Because of the 1972 revision, however, this section is no longer pertinent authority for his position.

The financing statement in this case, which was filed February 5, 1980, fully comports with the amended statutory requirements. Consequently, the issue whether Susan Morgeri was required to designate her representative capacity on the financing statement is academic.

The use of the name "Industrial National Bank" rather than the complete name of incorporation, Industrial National Bank of Rhode Island, is not seriously misleading. The bank has held itself out over the years as "Industrial National Bank" and is customarily referred to as such by the general population. Indeed the debtor refers to the bank by its abbreviated name in his Memorandum of Law at 1 and 4. Clearly, the abbreviated name coupled with the accurate Rhode Island address listed in the body of the financing statement is sufficient. Rhode Island General Law § 6A–9–402(8) provides, "a financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

Accordingly, we conclude as a matter of law that the financing statement in question meets the requirements of R.I.G.L. 6A–9–402(1), and that the secured interest of Industrial National Bank of Rhode Island is properly perfected.

Reclamation granted.