In re Jeffrey Chris WEBB, Sandra Kay Pate Webb, Debtors.

John P. NEWTON, Jr., Plaintiff,

v.

FIRST AMERICAN NATIONAL BANK and Scott Lewis Chevrolet & Subaru, Inc., Defendants.

Bankruptcy No. 3–88–02115.

Adv. No. 3–89–0050.

United States Bankruptcy Court, E.D. Tennessee, S.D.

Oct. 25, 1989.

John P. Newton, Jr., pro se.

Mary M. Farmer, for First American Nat'l. Bank.

Frank P. Cantwell, for Scott Lewis Chevrolet & Subaru, Inc.

## MEMORANDUM

JOHN C. COOK, Bankruptcy Judge.

The issue presented in this case is whether the bankruptcy trustee may avoid a lien on an automobile because the name of the lienholder listed on the certificate of title was not the name of the true lienholder. The parties have submitted the case for decision on stipulated facts.[1] This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(K) (West Supp.1989).

### I.

On or about September 30, 1987, defendant Scott Lewis Chevrolet & Subaru (Scott Lewis) sold a 1988 Chevrolet Beretta to

---

**1.** Defendant Scott Lewis Chevrolet & Subaru, Inc. has filed a cross-claim against defendant First American National Bank. The cross-claim is not before the court at this time.

debtors Jeffrey C. Webb and his wife, Sandra Kay Webb. To purchase and finance the vehicle, the debtors executed a sales contract and security agreement dated September 30, 1987, with Scott Lewis. The sales contract and security agreement was then assigned to defendant First American National Bank (First American) on September 30, 1987.

On October 6, 1987, Scott Lewis made application for a certificate of title on the debtors' vehicle. As a result of a clerical mistake by Scott Lewis, the Bank of East Tennessee was unintentionally listed on the application as the lienholder instead of First American.

Sometime after October 6, 1987, the Tennessee Motor Vehicle Division issued a certificate of title on the 1988 Chevrolet Beretta listing Jeffrey C. Webb and/or Sandra Kay Webb as owners and the Bank of East Tennessee as first lienholder. The certificate of title was sent to the Bank of East Tennessee which never had a claim against the debtors or the debtors' vehicle.

On August 25, 1988, the debtors filed their bankruptcy petition in this court under the provisions of chapter 7 of the Bankruptcy Code. The plaintiff became the chapter 7 trustee of the bankruptcy estate.

After debtors' bankruptcy petition was filed, the defendants discovered the error in the name of the lienholder on the certificate of title.[2] Defendant Scott Lewis retrieved the vehicle certificate of title from the Bank of East Tennessee and applied for a new title to correct the clerical mistake. The plaintiff did not authorize, however, any correction or change in the notation on the certificate of title concerning the lien-

holder nor did the plaintiff authorize any postpetition transfer of its interest in the 1988 Chevrolet Beretta by First American or Scott Lewis.

On October 24, 1988, a new title was issued by the Tennessee Motor Vehicle Division listing First American as the proper lienholder.

The joint pretrial statement submitted by the parties summarizes the parties' contentions and the issues to be decided. Essentially, the plaintiff contends the security interest of First American remained unperfected prior to the time the debtors filed their bankruptcy petition and that postpetition action to perfect the lien was ineffective. The plaintiff seeks to avoid the alleged unperfected security interest of First American pursuant to 11 U.S.C.A. § 544 (West Supp.1989). Alternatively, the plaintiff relies upon the statutory sections permitting avoidance of preferences, 11 U.S.C.A. § 547 (West 1979 and Supp.1989), and postpetition transfers, 11 U.S.C.A. § 549 (West Supp.1989).

The defendants contend the security interest of First American was perfected at the time the state motor vehicles division noted a lien in favor of the Bank of East Tennessee on the original certificate of title notwithstanding the error in the lienholder's name. The defendants also rely upon the postpetition correction of the lienholder's name on the certificate of title.

## II.

The trustee, acting as a hypothetical lien creditor under § 544(a)(1) of the Bankruptcy Code,[3] claims its rights in the debt-

---

**2.** Although the stipulations of fact submitted by the parties do not expressly state the error was discovered after the filing of the debtors' bankruptcy petition, a reading of the parties' briefs indicates this fact is not in dispute. More importantly, it appears from the briefs of the parties that at least nothing was done prepetition to correct the error in the lienholder's name. *See* Tenn.Code Ann. § 55–3–126 (1988); *In re Ridley*, 50 B.R. 51 (Bankr.M.D.Tenn.1985) (creditor retains lien where application for lien on title properly submitted before bankruptcy petition was filed and lien noted on certificate of title subsequent to filing of petition).

**3.** Section 544(a)(1) provides:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists....

ors' automobile are superior to that of First American. If First American's security interest in the automobile was not perfected prior to the filing of debtors' bankruptcy petition, the trustee will prevail. *See* Tenn. Code Ann. § 47–9–301(1)(b) (Supp.1988); *id.* § 55–3–126 (1988); *Waldschmidt v. Associates Commercial Corp. (In re Groves)*, 64 B.R. 329 (Bankr.M.D.Tenn.1986); *Still v. Commerce Union Bank (In re Custom Caps, Inc.)*, 1 B.R. 99 (Bankr.E.D.Tenn. 1979).[4]

■ Under Tennessee law, perfection of a security interest in a motor vehicle is accomplished by notation of the lien on the vehicle's certificate of title in accordance with Tennessee certificate of title laws. Tenn.Code Ann. § 47–9–302(3) (Supp.1988); *id.* § 55–3–126 (1988); *Apex Oil Co. v. Tims (In re Armstrong)*, 56 B.R. 781, 786 (W.D.Tenn.1986); *In re Wallace*, 251 F.Supp. 581 (E.D.Tenn.1966); *In re Crosson*, 226 F.Supp. 944 (E.D.Tenn.1963); *Waldschmidt v. Associates Commercial Corp. (In re Groves)*, 64 B.R. at 329; *Still v. Commerce Union Bank (In re Custom Caps, Inc.)*, 1 B.R. at 99. This method of perfection applies to all security interests in motor vehicles except security interests in vehicles classified as inventory or security interests whose existence depends exclusively on possession, i.e., an artisan's lien. *See In re Vaughn*, 283 F.Supp. 730 (M.D. Tenn.1968) (security interest in motor vehicles held as inventory may be perfected by filing a financing statement); *Waldschmidt v. Associates Commercial Corp. (In re Groves)*, 64 B.R. at 330 & n. 3 (liens whose existence depends upon possession are excluded from requirement of lien notation on the certificate of title).

■ In this case, it is undisputed that the lien of First American was not listed on the certificate of title in accordance with Tennessee law. Nonetheless, the defendants argue that since the Bank of East Tennessee was listed as a lienholder, anyone examining the certificate of title would be placed on notice that a security interest existed in the vehicle. Hence, the defendants contend the mistake in this case should not render First American's interest unperfected because notice of a security interest was given.

A mistake made in the notation of the lienholder's name on a certificate of title is not unlike a mistake made in a financing statement filed pursuant to the provisions of the Uniform Commercial Code (UCC). There is authority suggesting that the UCC standard governing mistakes in financing statements should be applied, at least by analogy, to mistakes made in noting liens on certificates of title. *See Coble Systems v. Coors of the Cumberland (In re Coors of the Cumberland)*, 19 B.R. 313, 321 (Bankr.M D.Tenn.1982); *Roberts v. International Harvester Credit Corp.*, 143 Ga. App. 206, 237 S.E.2d 697 22 U.C.C.Rep. Serv. (Callaghan) 1087, 1088 (1977).

Section 9–402(8) of the UCC enacted in Tennessee at § 47–9–402(8) of the Tennessee Code provides in part:

> (8) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.

Tenn.Code Ann. § 47–9–402(8) (Supp.1988). In *Brown v. Belarus Machinery (In re Service Lawn & Power)*, 83 B.R. 515 (Bankr.E.D.Tenn.1988), this court had occasion to comment upon the policy underlying § 9–402(8):

11 U.S.C.A. § 544(a)(1) (West Supp.1989).

**4.** The postpetition attempt by Scott Lewis to correct the name of the lienholder on the certificate of title had *no effect on the status of the* lien as of the filing date of the bankruptcy petition. Although Tennessee Code Annotated § 55–3–126(a) (1988) allows constructive notice of a perfected lien to relate back to the date of the filing of the application for notation of the lien, this rule would not be relevant here since the prepetition application for notation of the

lien did not properly list the lien to be noted. *See supra* note 2; *cf. In re Ridley*, 50 B.R. 51 (Bankr.M.D.Tenn.1985). Moreover, the postpetition attempt to perfect the lien appears to have been a violation of the automatic stay provisions of 11 U.S.C.A. § 362(a)(4) (West 1979 & Supp.1989) (the filing of a bankruptcy petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate").

Minor mistakes in financing statements are not fatal because Article 9 of the Uniform Commercial Code was intended to provide merely a system of notice filing. The financing statement was designed to be a statement filed publicly which would alert credit searchers that a certain security agreement may exist. Thus, even though there may be errors or deficiencies in descriptions, addresses, names, and even signatures, such errors will not destroy the effectiveness of a financing statement so long as they do not frustrate the underlying purpose of the filing requirements in affording notice to creditors of the possible existence of security interests.

*Id.* at 517.

Although § 9–402(8) evidences a policy that substance is preferred over form in regard to the formal requirements of a financing statement, even when one applies the § 9–402(8) standard to the mistake made here in the certificate of title, it cannot be said the mistake was minor and not seriously misleading. A review of the case law reveals that most of the cases upholding the validity of financing statements despite minor errors in the information given have generally found that the information, albeit erroneous, was nevertheless sufficient to enable the inquiring party to discover the true state of affairs regarding the security interest. *See, e.g., Corwin v. RCA Corp. (In re Kitty Hawk Television Corp.)*, 516 F.2d 24 (6th Cir.1975); *In re Southern Supply Co.*, 405 F.Supp. 20 (E.D. N.C.1975); *In re Platt*, 257 F.Supp. 478 (E.D.Pa.1966); *see also* 2 J. White & R. Summers, *Uniform Commercial Code* § 24–18, at 375 (3d ed.1988); Annotation, *Sufficiency of Designation of Debtor or Secured Party in Security Agreement or Financing Statement Under UCC § 9-402*, 99 A.L.R.3d 478 (1980); *cf. Coble Systems v. Coors of the Cumberland (In re Coors of the Cumberland )*, 19 B.R. at 321 (notation of lienholder as owner on certificate of title not seriously misleading).

The mistake in the instant case, however, was not some minor mistake in listing the name of First American on the certificate of title; the mistake, a major one, was listing an entity with no lien or interest in the automobile whatsoever. An inquiry made to one who has no connection to the debtor or to the secured party relative to the security interest in question could not be expected to result in a discovery of the actual secured creditor's lien. The stranger to the secured transaction could merely state that it has no lien or security interest in the collateral and that any notation to the contrary is simply false. Listing this third party as the lienholder when in fact it is a stranger to the entire transaction cannot be characterized as anything but a major mistake which is seriously misleading.[5]

The issue presented in this case is similar to the issue presented in *Headlee v. Ferrous Financial Servs. (In re Butler's Tire & Battery Co.)*, 17 U.C.C.Rep.Serv. (Callaghan) 1363 (Bankr.D.Or.1975), *aff'd,* 18 U.C.C.Rep.Serv. 1302 (D.Or.1976) (subsequently withdrawn and appeal dismissed), *appeal dismissed,* 592 F.2d 1028 (9th Cir. 1979). In *Headlee,* the bankruptcy trustee challenged the perfection of a security interest in a 1974 Chevrolet truck. The application for certificate of title submitted to the state motor vehicles division by the secured party erroneously listed the debtor's name in the position designated for the first lienholder. The mistake in the application caused the motor vehicles division to issue the certificate of title showing the debtor as holding the security interest. Because the true security interest holder was not listed as required by the certificate of title law in Oregon, the bankruptcy court concluded the security interest was not perfected. *Id.* at 1368.

Likewise, the failure of Scott Lewis to list First American as the lienholder in the application for certificate of title resulted in the issuance of a certificate of title that did not list First American's lien. Because

**5.** According to Professors White and Summers, § 9–402(8) may be construed as containing two conditions as it relates to errors in financing statements. One condition is that the error be "minor" and the other is that the error not be "seriously misleading." 2 J. White & R. Summers, *supra,* § 24–18, at 371. In this case, the error does not satisfy either condition.

the lien was not noted on the title in accordance with Tennessee's certificate of title laws, and because the mistake made in this case cannot be characterized as a minor mistake which is not seriously misleading, the court concludes the lien of First American was unperfected at the time of the bankruptcy filing.

An appropriate order will enter granting judgment in favor of the trustee.[6] A further hearing will be set on the pending cross-claim.

---

6. It is not necessary to address the plaintiff's contentions under 11 U.S.C.A. §§ 547 or 549.