**In re Norman Lee REASTER, Debtor.**

**Bankruptcy No. 99–54414.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Nov. 24, 1999.

Marshall D. Cohen, Columbus, OH, for Debtor.

David M. Whittaker, Ted P. McClatchey, Columbus, OH, for GreenPoint Credit.

## ORDER ON MOTION FOR RELIEF FROM STAY

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

The matter is before the Court on the Motion for Relief From Stay filed by GreenPoint Credit with respect to a 1999 Clayton Homes, Inc. Royalty mobile home. The Motion for Relief From Stay was opposed by Norman Lee Reaster ("Debtor"), as well as by the duly appointed Chapter 7 Trustee, David M. Whittaker.

The matter came on for hearing on September 30, 1999, at which time the parties were afforded an opportunity to present argument and evidence in support of their respective positions. In addition, on September 30, 1999, the parties submitted their "Agreed Stipulations of Fact." After a review of the Stipulations of Fact, and the argument presented at the September 30, 1999 hearing, the Court finds that there are no material issues of fact in dispute.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### I. *Findings of Fact*

The Court hereby adopts and incorporates by reference the Stipulations of Fact submitted by the parties on September 30, 1999. In summary, Debtor entered into a purchase agreement for the mobile home with Elsea Mobile Home Center on March 12, 1999. On the same day, Debtor executed a number of documents, including a note and security agreement with GreenPoint; an application for certificate of title listing the previous owner of the mobile home as Elsea, Inc., and the lienholder as GreenPoint Credit; and a power of attorney authorizing GreenPoint to act on Debtor's behalf in obtaining the title to the mobile home.

GreenPoint disbursed funds in the amount of $22,054.59 to Elsea, Inc., and $1,417.05 to the Pickaway County Clerk of Courts for sales taxes on April 7, 1999. On April 14, 1999, the Pickaway County Clerk of Courts issued a certificate of title to the mobile home listing Elsea, Inc. as a previous owner of the home, and Elsea Financial Services, Inc. dba MidOhio Financial Services as the first lienholder. Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on May 14, 1999.

GreenPoint apparently took all necessary steps, in a timely manner, to properly perfect its security interest in and to the mobile home. However, the Pickaway County Clerk of Courts mistakenly listed Elsea Financial Services, Inc. dba MidOhio Financial Services as the lienholder on the certificate of title. GreenPoint was not listed as a lienholder on the certificate of title. GreenPoint requests relief from the automatic stay to allow it to correct the mistake of the Pickaway County Clerk of Courts, and take steps to properly perfect its security interest in and to the mobile home.

Debtor and the Chapter 7 trustee argue that GreenPoint's lien was not noted on the certificate of title to the mobile home on the date Debtor filed his bankruptcy petition. Accordingly, GreenPoint does not have a perfected security interest in the mobile home, the lien is subject to avoidance pursuant to 11 U.S.C. § 544, and GreenPoint should not be permitted to take any further steps to perfect its security interest in the mobile home.

### II. *Conclusions of Law*

Under 11 U.S.C. § 362(a)(4), the filing of a bankruptcy petition operates as a stay of, among other things, any act to create, perfect, or enforce any lien against property of the estate. There is no question that the mobile home became property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a) upon the filing of the Chapter 7 petition. Accordingly, GreenPoint could not take any actions to perfect its lien against the mobile home without obtaining relief from the automatic stay.

O.R.C. § 4505.13 prescribes the exclusive method for perfecting a security interest in motor vehicles. *In re Charlie Bisang Chrysler–Plymouth, Inc.,* 24 B.R. 350, 353 (Bankr.N.D.Ohio 1982), *aff'd,* 37 B.R. 604 (N.D.Ohio 1983). A security interest in a motor vehicle, including a mobile home, will only be perfected "if a notation of the agreement has been made by the clerk of the court of common pleas on the face of the certificate of title." O.R.C. § 4505.13(B). The notation or "indication" of the lien on the certificate of title is the final act necessary for the perfection of a security interest in a motor vehicle. "Indication" of the lien is separate and apart from properly filing all documents with the clerk of the court. *See, In re Farnham,* 57 B.R. 241, 245 (Bankr.D.Vt.1986) for a description of the different perfection schemes. *Accord, In re York,* 43 B.R. 36 (Bankr.M.D.Tenn.1984) (Tennessee is also an "indication" state).

In *York*, an application for notation of a lien on a certificate of title was properly filed, but lost by the state filing officials. Accordingly, there was no "indication" of the lien on the certificate of title, and the lien was therefore unperfected. *York*, 43 B.R. at 38–39. *York* is analogous to the case at issue. As in *York*, GreenPoint properly completed and filed the documents necessary for the perfection of its lien. However, as in *York*, GreenPoint's lien was not "indicated" on the certificate of title.

■■■ As of the date of Debtor's Chapter 7 filing, the certificate of title to the mobile home did not identify GreenPoint as the lienholder. This mistake, though apparently not caused by GreenPoint, cannot be overcome if it is considered a "major" mistake. *In re Leach*, 206 B.R. 903, 906 (Bankr.M.D.Tenn.1997), *citing In re Kittyhawk Television Corp.*, 516 F.2d 24, 28 (6th Cir.1975). If a different creditor is identified as the lienholder on a certificate of title, the security interest is unperfected unless the mistake is deemed "minor." *Leach*, 206 B.R. at 906. The mistake will only be deemed "minor" if the name of the secured creditor is "sufficiently similar" or "sufficiently accurate" so that "a third party could reasonably be expected to be put on notice or at least be required to make further inquiry [as to the identity of the secured party]." *Leach*, 206 B.R. at 906.

In *Leach*, the court held that incorrectly listing GMAC as the lienholder on the certificate of title for an automobile was a "major mistake". That mistake caused the lien of Ford Motor Credit Company, the appropriate lienholder, to be unperfected and subject to the trustee's avoidance powers. The fact that Ford Motor Credit

Company's address was listed on the certificate of title did not satisfy the requirements for perfecting the lien. *Leach*, 206 B.R. at 906–907. While the *Leach* case was determined under Tennessee law, it is instructive because the Tennessee and Ohio statutory schemes for perfecting an interest in a motor vehicle are analogous. *See*, T.C.A. §§ 47–9–302(3), and 55–3–126.

Tennessee cases have held that a mistake in noting the proper lienholder on a certificate of title, if construed as a "major mistake", is fatal to the perfection of the security interest. As in *Leach*, the court in *In re Webb*, 106 B.R. 517 (Bankr.Tenn. 1989) found that a mistake in the identity of the lienholder rendered the lien unperfected. *Webb*, 106 B.R. at 521. *See also, York, supra;* and *In re Butler's Tire and Battery Co.*, 1975 WL 22897 (Bankr.D.Or. 1975), *aff'd* 1976 WL 23725 (D.Or.1976), subsequently withdrawn and appeal dismissed 592 F.2d 1028 (9th Cir.1979).[1]

It is unfortunate that GreenPoint must suffer the consequences of the mistake made by the Pickaway County Clerk of Courts. However, applicable statutory and case law do not differentiate between mistakes made by the secured creditor, and those made by another entity. Regardless of the origin of the mistake, the result would be the same to a hypothetical judgment lien creditor, or any other party determining whether a valid lien exists on the collateral.[2]

The Court is not persuaded by *In re Thorsell*, 229 B.R. 593 (Bankr.W.D.N.Y. 1999). The court in *Thorsell* found that a creditor's lien was perfected upon the proper delivery of all necessary documents and fees, even though a mistake was made by the state's filing officer causing the lien

---

1. This conclusion is consistent with an analysis of errors on a financing statement under U.C.C. § 9–402(8). Listing an erroneous lienholder on a financing statement could similarly be deemed a "major" mistake that is seriously misleading upon inquiry of a stranger to the transaction. *See*, 2 J. White & R. Summers, *Uniform Commercial Code*, § 24–18, p. 371, 375 (3d ed.1988).

2. Similarly, a creditor could not defend a preference action based on 11 U.S.C. § 547(c)(3) if its lien was not timely noted on the certificate of title, even if the delay was caused solely by the court clerk.

to be omitted from the certificate. However, another judge in the same district disagreed with *Thorsell,* and found that a lien was unperfected because it was not properly noted on the certificate due to an administrative error. *In re Dembrosky,* 235 B.R. 245 (Bankr.W.D.N.Y.1999).

O.R.C. § 4505.13(B) specifies that a security interest in a motor vehicle is only valid if it is noted on the face of the certificate of title. Despite filing proper documentation, without "indication" of the lien, the final act necessary for perfection has not taken place, and the security interest is not perfected. That is the case here, despite the fact that the creditor apparently did not make the mistake.

GreenPoint's lien was not perfected at the commencement of this bankruptcy case. The Chapter 7 trustee has made a *prima facie* case for avoidance of the lien under 11 U.S.C. § 547(b). GreenPoint will therefore have the burden of proving one of the affirmative defenses set forth in 11 U.S.C. § 547(c). *See,* 11 U.S.C. § 547(g); and *In re RDF Developments, Inc.,* 239 B.R. 336, 342 (6th Cir. BAP 1999). GreenPoint has not identified an affirmative defense applicable to the facts at issue in this case. Accordingly, since the Trustee has made a *prima facie* case for avoiding GreenPoint's lien, it would be improper to grant GreenPoint's motion.

Based on the foregoing, the Court finds that the Motion for Relief From Stay filed by GreenPoint Credit is not well taken. As of the date of filing this bankruptcy case, the lien of GreenPoint Credit on the 1999 Clayton Homes, Inc. Royalty mobile home was not perfected, and is subject to the Chapter 7 Trustee's avoidance powers pursuant to 11 U.S.C. § 544. The Motion for Relief From Stay is therefore DENIED.

IT IS SO ORDERED.