**In re Todd FIELDS, Debtor.**

**Susan L. Rhiel, Trustee, Plaintiff,**

**v.**

**Wells Fargo Financial Acceptance, et al., Defendant.**

**Bankruptcy No. 05–56511.**
**Adversary No. 05–2352.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 20, 2006.

Robert R. Goldstein, Whitehall, OH, for Debtor.

Bethany Hamilton, Rhiel & Associates Co., LPA, Columbus, OH, for Plaintiff.

Jennifer L. Maffett, Thompson Hine LLP, Dayton, OH, for Defendant Wells Fargo Financial Acceptance.

Otto Beatty, Columbus, OH, for Defendant Capital One Auto Finance, Inc.

*MEMORANDUM OPINION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter came before the Court on the Motion for Summary Judgment (Doc. 14), filed March 22, 2006 by Defendant Wells Fargo Financial Acceptance, Inc.

("Wells Fargo"), the Objection thereto (Doc. 17), filed April 10, 2006 by Chapter 7 Trustee Susan Rhiel, and Defendant Wells Fargo's Response to Trustee's Objection (Doc. 18), filed April 20, 2006. The Court having considered the documents filed by the parties and the arguments contained therein, grants Defendant's Motion for Summary Judgment for reasons more fully explained below.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the standing General Order of Reference entered in this District. This matter is a core proceeding pursuant to 28 USC § 157(b)(2)(K). Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## I. Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7056, provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of "informing the ... court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the movant satisfies this burden, the nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). The mere allegation of a factual dispute is not sufficient to defeat a motion for summary judgment; to prevail, the nonmoving party must show that there exists some genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When deciding a motion for summary judgment, all justifiable inferences must be drawn in favor of the nonmoving party. *Id.* at 255, 106 S.Ct. 2505.

## II. Factual Background

The pertinent facts of this case are not in dispute.

On or about February 18, 2004, Todd Fields executed a note in favor of Capital One Auto Finance, Inc. ("Capital One") evidencing a loan made by Capital One to Mr. Fields for the purchase of a 2001 Chevrolet Silverado pick-up truck (the "Vehicle"). To secure the amount due under the note, Mr. Fields granted to Capital One a security interest in the Vehicle, and on or about March 17, 2004, an Ohio certificate of title was issued noting Capital One's security interest in the Vehicle.

Pursuant to the terms of a Receivables Purchase Agreement executed December 30, 2002, Capital One sold the note, along with other receivables, to Wells Fargo. Capital One also assigned to Wells Fargo all of its lien rights related to the receivables, including the lien on the Vehicle.

On April 19, 2005, Mr. Fields ("Debtor") filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code. As of the petition date, Capital One was listed as the "First Lienholder" on the certificate of title; there is no indication on the certificate of title that the lien was assigned, and there is no mention of Wells Fargo's lien interest.

## III. Legal Analysis

The Trustee asserts that the estate's interest in the Vehicle is superior to

that of Wells Fargo.[1] Pursuant to the so-called "strong arm" provisions of 11 U.S.C. § 544, the Trustee has the rights and powers of a judicial lien creditor whose lien arose on the petition date. Section 544 provides as follows:

The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1). In short, the Trustee stands in the shoes of a judicial lien creditor whose lien arose on the petition date, and as such can avoid any transfer of property of the debtor or any obligation that is voidable by a judicial lien creditor. *In re Hurst,* 308 B.R. 298, 301 (Bankr. S.D.Ohio 2004). Under Ohio law, a lien creditor has priority over an unperfected secured creditor. Ohio Rev.Code § 1309.317(A)(2); *Hurst,* 308 B.R. at 301.

The Trustee's argument, then, hinges on whether or not Wells Fargo's lien is perfected. Some discussion of Ohio's Uniform Commercial Code chapter on secured transactions, Ohio Rev.Code § 1309.101, *et seq.,* and Ohio's Certificate of Motor Vehicle Title Law, Ohio Rev.Code § 4505.01, *et seq.,* is therefore appropriate.

 Under Ohio law, perfection of a security interest is generally accomplished through the filing of a financing statement. Ohio Rev.Code § 1309.310(A). However, this method of perfection is inapplicable in the case of motor vehicles. Ohio Rev.Code § 1309.311(A)(2). Perfection of a security interest in a motor vehicle [2] is governed by § 4505.13, which provides in relevant part as follows:

[A]ny security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title or the clerk has entered a notation of the agreement into the automated title processing system and a physical certificate of title for the motor vehicle has not been issued, is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants.

Ohio Rev.Code § 4505.13(B). According to the statute, there are two ways to perfect a security interest in a motor vehicle: 1) by notation of the lien on the vehicle's certificate of title, and 2) by the clerk's entering the notation into the automated title processing system if no physical certificate of title has yet been entered. Compliance with the requirements of § 4505.13 is equivalent to the filing of a financing statement under Chapter 1309. Ohio Rev.Code § 1309.311(B).

 There is no disagreement between the parties with regard to the perfected status of Capital One's lien on the Vehicle. Both parties submitted as exhibits copies

---

1. By agreement of Wells Fargo and the Trustee, Wells Fargo sold the Vehicle and turned over the proceeds from sale to the Trustee, who continues to hold the funds.

2. Certain other sections of the Ohio Revised Code apply to the perfection of a security interest in a vehicle held as inventory for sale by a dealer and are not relevant here.

of the Vehicle's Ohio certificate of title showing "Capital One Auto Finance" as first lienholder. With the lien so noted on the face of the certificate of title, Capital One's security interest in the Vehicle was properly perfected. It is the effect of Capital One's assignment of this perfected security interest to Wells Fargo which the parties dispute. The Trustee maintains that, because Wells Fargo's lien is not listed on the Vehicle's certificate of title, its security interest is unperfected. This Court believes that further consideration of the applicable statutes leads to the opposite conclusion.

■ Section 1309.311 clarifies that "the filing of a financing statement is not necessary or effective to perfect a security interest in property subject to ... Chapter[ ] 4505[.]" Ohio Rev.Code § 1309.311(A)(2). Chapter 4505, the Motor Vehicle Title Law, sets forth in § 4505.13(B) the method for perfecting a security interest in a vehicle, as described above. However, § 1309.311 further provides that, except for certain situations not applicable here, "duration and renewal of perfection of a security interest perfected by compliance with the requirements prescribed by a statute, regulation, or treaty described in division (A) of this section [such as Chapter 4505] are governed by the statute, regulation, or treaty. In other respects, the security interest is subject to this chapter." Ohio Rev.Code § 1309.311(C). In other words, when perfection of a security interest is accomplished by compliance with the Motor Vehicle Title Law, the Motor Vehicle Title Law also governs issues regarding duration and renewal of that perfected security interest. For those matters not involving duration and renewal, Chapter 1309 still applies. The assignment of a perfected security interest involves neither duration nor renewal, and

so the effect of such assignment is determined by Chapter 1309.

The assignment of a perfected security interest is addressed in § 1309.310(C), which provides that "[i]f a secured party assigns a perfected security interest or agricultural lien, a filing under this chapter is not required to continue the perfected status of the security interest against creditors of and transferees from the original debtor." Ohio Rev.Code § 1309.310(C). This subsection applies to the assignment of a "perfected security interest" without regard to the method used to perfect that security interest. *See In re Verus Inv. Mgmt., LLC,* 344 B.R. 536, 545 (Bankr. N.D.Ohio 2006) (holding that § 1309.310(C) does not require re-perfection of an assigned security interest in a deposit account even though a security interest in such accounts is perfected through control, per § 1309.310(B)(8)). The Official Comments to UCC § 9–310(c), codified as Ohio Revised Code § 1309.310(C), confirm that the assignment of a security interest perfected by notation on a certificate of title is within the intended scope of subsection (C) and requires no action by the assignee to re-perfect.

Subsection (c) applies not only to an assignment of a security interest perfected by filing but also to an assignment of a security interest perfected by a method other than by filing, such as by control or by possession. Although subsection (c) addresses explicitly only the absence of an additional filing requirement, the same result normally will follow in the case of an assignment of a security interest perfected by a method other than by filing. For example, as long as possession of collateral is maintained by an assignee or by the assignor or another person on behalf of the assignee, no further perfection steps need be taken on account of the assignment to

continue perfection as against creditors and transferees of the original debtor. Of course, additional action may be required for perfection of the assignee's interest as against creditors and transferees of the *assignor*.

Similarly, subsection (c) applies to the assignment of a security interest perfected by compliance with a statute, regulation, or treaty under Section 9–311(b) [Ohio Rev.Code § 1309.311(B) ], such as a certificate-of-title statute. Unless the statute expressly provides to the contrary, the security interest will remain perfected against creditors of and transferees from the original debtor, even if the assignee takes no action to cause the certificate of title to reflect the assignment or to cause its name to appear on the certificate of title. See PEB Commentary No. 12, which discusses this issue under former Section 9–302(3). Compliance with the statute is "equivalent to filing" under Section 9–311(b).

Official Comment 4 to UCC § 9–310.

The Permanent Editorial Board for the Uniform Commercial Code provides further commentary on former UCC § 9–302, renumbered in the current UCC as § 9–310, which is codified as Ohio Revised Code § 1309.310.

In order to interpret and apply § 9–302(2) in a manner that is harmonious with the various certificate of title statutes and to simplify, clarify, and modernize the law applicable to the assignment of security interests, "no filing under this Article" as used in § 9–302(2) should be liberally and broadly construed to include "no notation of a security interest on a certificate of title" when not expressly required as a condition for perfection by the applicable certificate of title statute.

\* \* \*

If a security interest has been perfected under the applicable certificate of title statute and is thereafter assigned, and that statute does not expressly require the assignee to take some further action with respect to the certificate of title to reflect that it has become the secured party in order to continue such perfection, § 9–302(2) is applicable and the assignee is not required to place its name on the certificate of title "in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor."

U.C.C. Reporting Service, Permanent Editorial Board Commentary on the UCC, Commentary No. 12, § 9–302 (Feb. 10, 1994).

■ Official comments are not enacted by the state legislature and do not have the effect of law, but they do provide courts with "interpretive assistance." *See AGF, Inc. v. Great Lakes Heat Treating Co.*, 51 Ohio St.3d 177, 555 N.E.2d 634, 636 (1990). Both the Official Comment to § 1309.310 and PEB Commentary No. 12 indicate that, unless Ohio's Motor Vehicle Title Law expressly provides otherwise, a perfected security interest will remain perfected against creditors of the original debtor, even if the assignee takes no further action. The Court has not been directed to, nor has its own research located, any provision of the Motor Vehicle Title Law that requires an assignee of a perfected security interest to re-perfect its interest to maintain its perfected status. If the Ohio General Assembly had wanted to include such a re-perfection requirement in Chapter 4505, it certainly could have done so.

■ The absence of a re-perfection requirement for assignees is consistent with the principle purpose of the lien notation, and with perfection requirements in general: to provide interested third parties no-

tice that another creditor claims an interest in the debtor's property. *See Joelson v. Austin Bank of Chicago (In re Maltezos)*, 35 B.R. 800, 803 (Bankr.N.D.Ohio 1983) ("[T]he purpose of perfection and notation of security interests [on the certificate of title] is to guard against the possibility that a second lender could be deceived as to prior encumbrances[.]"). *See also In re Walter W. Willis, Inc.*, 313 F.Supp. 1274, 1279 (N.D.Ohio 1970) ("[F]iling of the financing statement gives notice to the world that [a] secured party has a security interest in the collateral."); *Yaple v. Jackson Production Credit Ass'n*, 1986 WL 14895, *3 (Ohio Ct.App. 4th Dist.1986) ("[P]urpose of perfection by possession [is] giving notice to third parties of a creditor's interest in the collateral."). No creditor would be misled or deceived in seeing the assignor's name on a certificate of title rather than the assignee's—either name would put that third party on inquiry notice that a security interest exists. Any third party examining the Vehicle's certificate of title would discover thereon the notation of Capital One as first lienholder, and inquiry of Capital One as to the status of its lien would lead to Wells Fargo. *See Acceptance Corp. REMIC Trust 1994–1 v. Leake (In re Wuerzberger)*, 284 B.R. 814, 819 (Bankr.W.D.Va.2002) (stating that the assignor of a perfected security interest "can provide information to those on inquiry notice about the status of the lien represented by its name on the [certificate of] title.").

This conclusion is also supported by the holdings of two cases addressing the same issue on substantially similar facts. In *Agricultural Services v. Fitzgerald (In re Field)*, 263 B.R. 323 (Bankr.D.Idaho 2001), a bank transferred its security interests in debtor's trailers, properly perfected by notation of the liens on the trailers' certificates of title, to an assignee who took no action to have its position as first lienhold-er reflected on new certificates. The debtor filed a petition under Chapter 7, and the Trustee claimed the assignee's interest was unperfected due to the absence of notation on the certificate of title, as required by Idaho's Motor Vehicle Titles Act. As the Act did not expressly require an assignee to apply for issuance of a new certificate merely to reflect the new lienholder, the *Field* Court relied on Idaho's UCC provisions excusing an assignee from a re-perfecting requirement for goods covered by a financing statement. Because the refiling of a financing statement after an assignment was not required under Idaho's UCC, the *Field* court was unwilling to require re-perfection for vehicles covered by a certificate of title absent some clear legislative guidance. The court held that the assignee's security interest in the trailers remained perfected following assignment. *Id.* at 329–31.

In *Wuerzberger*, a security interest in debtor's mobile home was properly perfected by notation on a certificate of title. By the terms of a pooling and servicing agreement, the interest was transferred to a trust; the assignee did not amend the certificate of title to substitute its name as lienholder. In determining that the assignee remained properly perfected by virtue of having its assignor's name reflected on the certificate, the *Wuerzberger* court looked to the policy underlying the lien notation requirement: notice to third parties. "Whether the certificate of title is amended [to reflect the assignment] or not, the world is on notice that an interest is claimed in the manufactured home and interested parties can readily ascertain the nature of the lien from [the assignor]." *Wuerzberger*, 284 B.R. at 825.

Therefore, pursuant to § 1309.310(C), this Court holds that the lien of Capital One, properly perfected by notation on the Vehicle's certificate of title, remains per-

fected after assignment to Wells Fargo as against creditors of and transferees from the Debtor. Wells Fargo, therefore, as assignee of the properly perfected security interest in the Vehicle, has priority over the Trustee standing in the shoes of the hypothetical judicial lien creditor.

## IV. Conclusion

This Court finds that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law. For the reasons discussed above, the Motion for Summary Judgment filed by Defendant Wells Fargo is granted.

The Court will enter a separate judgment consistent with the foregoing.