In re John Thomas FARLEY, Debtor,

William Todd Drown, Chapter
7 Trustee, Plaintiff,

v.

ESB, Defendant.

In re Kevin D. Davis and Jacqueline
S. Davis, Debtors.

William Todd Drown, Chapter
7 Trustee, Plaintiff,

v.

ESB, Defendant.

In re Timothy L. Golden and Tamyra
L. Golden, Debtors.

William Todd Drown, Chapter
7 Trustee, Plaintiff,

v.

National City, Defendant.

In re Nikki J. Gladwell, Debtor.

William Todd Drown, Chapter
7 Trustee, Plaintiff,

v.

HSBC, Defendant.

In re Robert A. Phillips and April
M. Phillips, Debtors.

William Todd Drown, Chapter
7 Trustee, Plaintiff,

v.

Wells Fargo Financial, Defendant.

In re Troy M. Ransome, Debtor.

William Todd Drown, Chapter
7 Trustee, Plaintiff,

v.

Fifth Third, Defendant.

Bankruptcy Nos. 07–52529, 07–
53458, 07–53952, 07–51365,
07–54199, 07–54565.
Adversary Nos. 07–2186, 07–2272, 07–
2291, 07–2293, 07–2358, 07–2402.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

May 13, 2008.

William Todd Drown, Mount Vernon, OH, pro se.

Brian Wood, Geoffrey J. Peters, Weltman, Weinberg & Reis Co. LPA, Columbus, OH, for Defendant.

### *MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT*

JOHN E. HOFFMAN, JR., Bankruptcy Judges.

### I. Introduction

In each of these six adversary proceedings, the Chapter 7 trustee, William Todd Drown ("Trustee"), seeks to exercise his strong-arm powers under 11 U.S.C. § 544(a) to avoid a prepetition security interest in a motor vehicle owned by a debtor in one of the underlying bankruptcy cases. The Trustee asserts that each security interest was unperfected as of the applicable petition date because the certificate of title on which the interest was noted used an abbreviated and seriously misleading version of each defendant's name. The Court finds that the names of the defendants as noted on the certificates of title were not seriously misleading and therefore grants summary judgment in favor of each defendant.

### II. Jurisdiction

The Court has jurisdiction to determine these adversary proceedings pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. The adversary proceedings are core proceedings. *See* 28 U.S.C. § 157(b)(2)(K).

### III. Procedural and Factual Background

The adversary proceedings are before the Court on: (i) the motions for summary judgment filed by the Trustee in Adv. Pro. Nos. 07–2186 (Doc. 12), 07–2272 (Doc. 5), 07–2291 (Doc. 12), 07–2293 (Doc. 9), 07–2358 (Doc. 10) and 07–2402 (Doc. 7); (ii) the motions for summary judgment filed by Defendant National City Bank in Adv. Pro. No. 07–2291 (Doc. 8), Defendant HSBC Auto Finance, Inc. in Adv. Pro. No. 07–2293 (Doc. 12) and Defendant Wells Fargo Financial Acceptance Ohio 1, Inc. in Adv. Pro. No. 07–2358 (Doc. 6); and (iii) the responses and replies filed by the Trustee and the defendants. On November 19, 2007, the Court provided notice that it intended to consolidate the adversary proceedings for the purpose of conducting a joint hearing on the pending summary judgment motions and any other dispositive motions filed by the parties. On January 3, 2008, the Court entered an

order setting the date of the hearing and establishing the deadline for parties to file dispositive motions and responses to those motions. On February 26, 2008, Judge Caldwell and Judge Hoffman heard oral argument on the various motions and took the matter under advisement.

The material facts are few and undisputed. Each of the defendants asserts a pre-petition security interest in one or more motor vehicles titled in the name of a debtor. A certificate of title issued by the State of Ohio covers each vehicle and includes a lien notation reflecting an abbreviated version of the applicable defendant's name: "ESB" for Eaglemark Savings Bank; "National City" for National City Bank; "HSBC" for HSBC Auto Finance, Inc.; "Wells Fargo Financial" for Wells Fargo Financial Acceptance Ohio 1, Inc.; and "Fifth Third" for Fifth Third Bank. None of the abbreviated names—which the Court will use when referring to the defendants—precisely matches a registered name in Ohio's Businesses/Corporations database.[1] The certificates of title also include valid addresses for the defendants. The Trustee served the complaints at those addresses, resulting in each defendant filing an answer and appearing at oral argument through counsel.

## IV. Arguments of the Parties

The Trustee relies on his status as a hypothetical judicial lien creditor under § 544(a). Armed with that status, he contends that he may avoid a security interest in a motor vehicle titled in a debtor's name if the certificate of title fails to identify the secured party either by its registered legal name or by a registered trade name or fictitious name. The Trustee claims that the use of any other name—including an abbreviated version of the secured party's name—is seriously misleading and fails to perfect the security interest. Applying this logic, the Trustee argues that he may avoid the defendants' security interests because the abbreviated versions of their names as used on the Ohio certificates of title do not appear in the Ohio Secretary of State's Businesses/Corporations database. The Trustee also argues that the security interests are invalid because the defendants allegedly do not have permission from the State of Ohio to transact business using the names reflected on the certificates of title.

In response, the defendants argue that they are in compliance with Ohio's statutory requirements for perfecting security interests in motor vehicles. They also contend that the abbreviated versions of their names as used on the certificates of title are not seriously misleading.

## V. Legal Analysis

### A. Summary Judgment Standard

Under Fed.R.Civ.P. 56(c), made applicable in these adversary proceedings by Fed. R. Bankr.P. 7056, summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 577 (6th Cir.2007). In reviewing a motion for summary judgment, the Court views the evidence, all facts, and any inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Novak,* 503 F.3d at 577; *Skowronek v. Am. S.S. Co.,* 505 F.3d 482, 484 (6th Cir.2007) (the court "must draw all reasonable inferences in favor of the nonmoving party").

---

**1.** The database is maintained by the Ohio Secretary of State and is available to the public at http://www. sos.state.oh.us/sos/businessservices/corp.aspx?Section=104.

" '[A]s to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.' " *Niecko v. Emro Mktg. Co.*, 973 F.2d 1296, 1304 (6th Cir.1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Entry of summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " *Novak*, 503 F.3d at 577 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *see also Ransier v. Standard Fed. Bank (In re Collins)*, 292 B.R. 842, 845 (Bankr. S.D.Ohio 2003).

Here, the parties agree, and the Court finds, that no genuine issue of material fact exists. Summary judgment, therefore, is appropriate.

## B. Section 544(a) of the Bankruptcy Code

The Trustee seeks to avoid the defendants' security interests under § 544(a), which provides in pertinent part as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists[.]

11 U.S.C. § 544(a)(1)-(2).

■ Under § 544(a), the Trustee may avoid a security interest in a motor vehicle only if the security interest was unperfected as of the bankruptcy petition date. *See Luper v. Guardian Fin. Co. (In re McAlmont)*, 385 B.R. 191, 198–200 (Bankr. S.D.Ohio 2008) (holding that Chapter 7 trustee may not avoid security interest in motor vehicle that was perfected prior to the debtor's petition date); *Farmer v. LaSalle Bank (In re Morgan)*, 291 B.R. 795, 805 (Bankr.E.D.Tenn.2003) (holding that Chapter 7 trustee had priority over creditor whose security interest in motor vehicle was not noted on certificate of title as of the petition date).

## C. Law Governing Perfection of Security Interests in Motor Vehicles

■ Each of the certificates of title at issue is an Ohio certificate of title. Thus, § 4505.13(B) of the Ohio Revised Code governs. *See McAlmont*, 2008 WL 928003 at *3 ("State law governs the means by which [the creditor's] security interest became perfected."); *see also Rhiel v. Wells Fargo Fin. Acceptance (In re Fields)*, 351 B.R. 887, 890 (Bankr.S.D.Ohio 2006) ("Perfection of a security interest in a motor vehicle is governed by § 4505.13 ...." (footnote omitted)). Section 4505.13(B) provides in pertinent part as follows:

[A]ny security agreement covering a security interest in a motor vehicle, if a notation of the agreement has been made by a clerk of a court of common

pleas on the face of the certificate of title ... is valid as against the creditors of the debtor, whether armed with process or not, and against subsequent purchasers, secured parties, and other lienholders or claimants.

Ohio Rev.Code Ann. § 4505.13(B) (West 2008).

Construing § 4505.13(B), the court in *Fields* relied on a legal principle that applies here with equal force: "[T]he princip[al] purpose of the lien notation, and with perfection requirements in general [is] to provide interested third parties notice that another creditor claims an interest in the debtor's property." *Fields*, 351 B.R. at 892–93. In *Fields*, the Chapter 7 trustee sought to avoid a security interest that Capital One Auto Finance, Inc. ("Capital One") had assigned, coincidentally, to an affiliate of Wells Fargo Financial ("Wells Fargo"). The certificate of title identified "Capital One Auto Finance" as the first lienholder. Despite the omission of the designation "Inc." from Capital One's name, neither party disputed, and the court found, that "[w]ith the lien so noted on the face of the certificate of title, Capital One's security interest in the Vehicle was properly perfected." *Id.* at 891. The trustee in *Fields*, however, sought to avoid Wells Fargo's security interest on the basis that no certificate of title was ever issued identifying it as the lienholder. Ruling against the Chapter 7 trustee, the court reasoned as follows:

> No creditor would be misled or deceived in seeing the assignor's name on a certificate of title rather than the assignee's—either name would put that third party on inquiry notice that a lien exists. Any third party examining the Vehicle's certificate of title would discover thereon the notation of Capital One as first lienholder, and inquiry of Capital One as to

the status of its lien would lead to Wells Fargo.

*Id.* at 893.

Although the inquiry-notice standard provides considerable leeway, it is not a license to entirely ignore § 4505.13(B)'s requirement that a notation of the secured creditor's interest appear on the face of the certificate of title. For example, in *In re Reaster*, 242 B.R. 423, 425–26 (Bankr. S.D.Ohio 1999), the court held that the Chapter 7 trustee could avoid a security interest held by GreenPoint Credit because the certificate of title mistakenly identified the holder of the security interest as Elsea Financial Services, Inc. ("Elsea"). The *Reaster* court concluded that naming Elsea as the lienholder instead of GreenPoint Credit meant that Greenpoint Credit's lien was not noted on the certificate of title, as required by § 4505.13(B). *Id.* at 426–27. The court was not persuaded by GreenPoint Credit's assertion that the mistaken notation on the certificate of title was minor and, thus, should not result in avoidance of its lien. Rejecting this argument, the *Reaster* court reasoned that "[t]he mistake will only be deemed minor if the name of the secured creditor is sufficiently similar or sufficiently accurate so that a third party could reasonably be expected to be put on notice or at least be required to make further inquiry [as to the identity of the secured party]." *Id.* at 426 (internal quotation marks omitted). The court held that "Elsea Financial Service, Inc." was not sufficiently accurate given that the actual lienholder's name was GreenPoint Credit. *See id.*

Similarly, in *Schulman v. Ford Motor Credit Co. (In re Leach)*, 206 B.R. 903 (Bankr.M.D.Tenn.1997), the court held that Ford Motor Credit Co. did not have a perfected security interest in the debtor's vehicle where the certificate of title mistakenly identified GMAC as the holder of

the security interest. *See Leach*, 206 B.R. at 906 (applying Tennessee certificate of title statute, which is substantially similar to Ohio's). *See also Newton v. First Am. Nat'l Bank (In re Webb)*, 106 B.R. 517, 521 (Bankr.E.D.Tenn.1989) (holding that name "Bank of East Tennessee" was seriously misleading because the Bank of East Tennessee never had an interest in the debtor's motor vehicle and the name of the actual lienholder was "First American National Bank" and noting: "An inquiry made to one who has no connection to the debtor or to the secured party relative to the security interest in question could not be expected to result in a discovery of the actual secured creditor's lien. The stranger to the secured transaction could merely state that it has no lien or security interest in the collateral and that any notation to the contrary is simply false. Listing this third party as the lienholder when in fact it is a stranger to the entire transaction cannot be characterized as anything but a major mistake which is seriously misleading.").

## D. The Defendants' Security Interests Were Properly Perfected Under Ohio Law.

The Trustee argues that the names listed on the certificate of title—ESB, National City, HSBC, Wells Fargo Financial and Fifth Third—are seriously misleading. The Court disagrees. Neither the Trustee nor any creditor should be misled by the use of these abbreviated names on the certificates of title. The notations of the defendants' security interests differ from those in *Reaster, Leach* and *Webb* in one vital respect—here, the notations on the certificates of title reflected a version of the actual lienholder's name, not an incorrect party. Each notation put the Trustee on inquiry notice that a lien existed and provided a correct address for contacting the lienholder. Given this, the Court holds

that the defendants' security interests were perfected.

■  The Trustee failed to bring to the Court's attention—and the Court's independent research did not reveal—any decision in which a court has accepted the argument made by the Trustee. Instead, the Trustee relies on a slate of decisions for the proposition that a trustee can avoid a security interest due to a relatively minor mistake in identifying the *name of the debtor* on a financing statement. Those decisions are inapposite. As the courts held, the precise name of the debtor is important because the search logic utilized by state corporate databases in searching for financing statements often requires that the searcher use the precise name of the debtor. *See, e.g., Clark v. Deere & Co. (In re Kinderknecht)*, 308 B.R. 71, 76–77 (10th Cir. BAP 2004) ("When a UCC search of the debtor's legal name does not provide any matches, parties in interest should be able to presume that the property is not encumbered, and they should not be charged with guessing what to do next if the legal name search does not result in any matches."); *Morris v. Snap On Credit, L.L.C. (In re Stewart)*, 2006 WL 3193374 at * 1 (Bankr.D.Kan. Nov.1, 2006) ("[T]he sole test of whether a financing statement is 'seriously misleading' is whether a searcher using the individual debtor's 'correct legal name,' presumably the name indicated on a birth certificate or a name otherwise maintained in the public records ... could locate the financing statement in question."); *Miller v. Van Dorn Demag Corp. (In re Asheboro Precision Plastics, Inc.)*, 2005 WL 1287743 at *6 (Bankr. M.D.N.C. Mar.1, 2005) ("Using a debtor's correct name is important because financing statements are indexed under the name of the debtor."); *In re FV Steel & Wire Co.*, 310 B.R. 390, 394 (Bankr. E.D.Wis.2004) ("If a searcher searches under the exact corporate name of the debtor

... and the search logic of the system does not reveal a trade name filing, the filing should be considered seriously misleading as a matter of law.") (quoting Barkley Clark & Barbara Clark, *The Law of Secured Transactions Under the Uniform Commercial Code* ¶ 2.09[1][b] (2003)).

By contrast, courts require much less precision with respect to the names of secured creditors on financing statements. *See Indus. Nat'l Bank of Rhode Island v. Quinn (In re Dwares)*, 6 B.R. 335, 336 (Bankr.R.I.1980) (holding that use of the name "Industrial National Bank" rather than full name of incorporation, "Industrial National Bank of Rhode Island," was not seriously misleading); *Clarke Floor Mach. Div. of Studebaker Corp. v. Gordon*, 1970 WL 12535, 7 UCC Rep. Serv. (CBC) 363 (Md.Super.1970) (holding that use of the name "Clark Floor Machine Company of Muskegon, Mich." for creditor rather than "Clark Floor Machine Division of Studebaker Corp." was not seriously misleading). Courts are more lenient with respect to the names of secured creditors on financing statements because "[t]he identification of the creditor on the financing statement is merely to provide an inquiring party with notice, and a starting point from which to more fully determine the actual state of affairs." *ITT Commercial Fin. Corp. v. Bethel Marine, Inc. (In re Bethel Marine, Inc.)*, 1989 WL 1631581 at *3 (Bankr.D.Minn. Apr.20, 1989) (internal quotation marks omitted).

As the court held in *Fields*, 351 B.R. at 892–93, identifying the lienholder on a certificate of title serves the same purpose of inquiry notice. A party desiring to determine whether a lien exists on a motor vehicle need only look at the certificate of title and, if necessary, follow up with the lienholder at the address provided. In addition, the security interest is entered in the State of Ohio's automated title processing system—which the public can search by using the vehicle identification number and registration number as well as the debtor's name (all of which were available to the Trustee).[2] In sum, the lien notations put the Trustee on inquiry notice and provided him with all of the information he needed to determine both the existence of security interests on the debtors' motor vehicles and, ultimately, the identity of the holders of the security interests.

None of the parties referred to § 4505.07(B)(10), which provides as follows: "[e]very certificate of title ... shall contain, on the front of the certificate ... [f]irst and second lien notation information, including the name and address of the lienholder in full and the date of the lien notation[.]" The provision is relevant but does not alter the Court's conclusion that a certificate of title need not reflect a registered name of the secured party. First, the Ohio legislature knows how to require the use of a registered name on a security document when that is what it intends. For example, Ohio law requires specificity with respect to the name of a debtor as it must appear on a financing statement: "A financing statement sufficiently provides the name of the debtor ... [i]f the debtor is a registered organization, only if the financing statement provides the name of the debtor *indicated on the public record of the debtor's jurisdiction of organization* that shows the debtor to have been organized[.]" Ohio Rev.Code Ann. § 1309.503(A)(1) (West 2008) (emphasis added).[3] By contrast, § 4505.13(B) re-

---

2. Information in the automated title processing system is found on the website of the Ohio Department of Public Safety, Ohio Bureau of Motor Vehicles at http://www.dps.state.oh.us/atps/.

3. " 'Registered organization' means an organization organized solely under the law of a single state or the United States and as to which the state or the United States must maintain a public record showing the organi-

quires only that "a notation of the agreement has been made by a clerk of a court of common pleas on the face of the certificate of title" in order for the security agreement to be valid.

Second, the Court finds that the purpose of § 4505.07(B)(10) is to ensure that interested parties ultimately can identify the holder of the security interest with the information provided. The Court has not found any Ohio decision analyzing § 4505.07(B)(10) or any similar provision. But in *Rolfe v. Walsh*, 318 Mass. 733, 64 N.E.2d 16 (1945), the Supreme Judicial Court of Massachusetts construed a statutory provision similar to § 4505.07(B)(10). At issue in that decision was a Texas statute (similar to Massachusetts' own statute) that required the applicant for a motor vehicle registration to "give his name and address in full." *Id.* at 18 (internal quotation marks omitted). The applicant used the name Madge E. Walsh instead of her legal name, Margaret E. Walsh. The court held that this complied with the requirements of the statute. "We assume, as have the parties, that the purpose of the statute ... is to furnish ready means for ascertaining the identity of the owner of the motor vehicle." *Id.* (citation omitted). The Court concludes that the use of the names ESB, National City, HSBC, Wells Fargo Financial and Fifth Third—together with a correct address for each entity—provided the Trustee with the means necessary to identify the holders of the security interests. In fact, having been served under the name and at the address noted on the respective certificates of title, each defendant answered the Trustee's complaint, provided its full registered name and appeared through counsel at oral argument.

Finally, the Court rejects the Trustee's argument that the defendants' securi-

ty interests are invalid and avoidable if the defendants do not have permission from the State of Ohio to transact business using the abbreviated versions of their names. The Court need not decide whether the defendants are licensed to do business in Ohio under the informal name or any other name. Each security interest was properly perfected by notation on the certificate of title. And each security interest arises from a security agreement between a defendant and a debtor. The State imposes penalties for transacting business without a license, but invalidating agreements is not one of those penalties. Rather, Ohio law "expressly preserves the validity of contracts entered into by unlicensed corporations." *P.K. Springfield, Inc. v. Hogan*, 86 Ohio App.3d 764, 621 N.E.2d 1253, 1259 (1993). *See also Auto Driveaway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262, 264 (S.D.Ohio 1999) ("[A]n unlicensed foreign corporation may enter into valid contracts....").

## VI. Conclusion

For the foregoing reasons, the Court finds that (1) the Trustee is not entitled to judgment as a matter of law and (2) the defendants are entitled to judgment as a matter of law. Accordingly, the summary judgment motions filed by the Trustee are **DENIED,** and the summary judgment motions filed by the defendants are **GRANTED.** The Court will enter separate judgment entries in accordance with this memorandum opinion.

**IT IS SO ORDERED.**

zation to have been organized." Ohio Rev.    Code Ann. § 1309.102(A)(70).